**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRIT OF NEW YORK**
—————————————————————————x

KAREN HOOKS and GERALDINE MOORE,
on behalf of themselves and all others
similarly situated,

                                          **NO. 1:11-cv-02767 (RJH)**
                                          **ECF CASE**

                        Plaintiffs,

        - against -

FORMAN HOLT ELIADES & RAVIN LLC
and WILLIAM L. WALDMAN,

                      Defendants.
—————————————————————————x

### DECLARATION OF CHARLES M. FORMAN IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS OR TO CHANGE VENUE

Pursuant to 28 U.S.C. § 1746, I, Charles M. Forman, declare as follows:

1.    I am an adult over the age of 21 years and fully competent to testify concerning the subject matter of this Declaration.

2.    I am a member of the bar of the State of New Jersey and a member of defendant, Forman Holt Eliades & Ravin LLC ("Forman Holt" or "Firm"). As such, I am authorized to make this Declaration on behalf of the defendants in this action.

3.    I make this Declaration based upon my personal knowledge and my review of records provided to Forman Holt by the Firm's client, Wyndham Vacation Resorts, Inc. ("Wyndham").

4.      I submit this Declaration in support of Defendants' Motion to Dismiss or to Change Venue.

5.      Forman Holt's primary office is located at 80 Route 4 East, Suite 290, Paramus, New Jersey 07652 ("Paramus Office").

6.      Since before 2009, Defendant William L. Waldman, Esq. has practiced law exclusively from the Paramus Office.

7.      All timeshare foreclosure services by Forman Holt on behalf of Wyndham have been and are performed from the Paramus Office.

8.      Attached hereto as Exhibit A and incorporated herein is a true (partially redacted) copy of the Purchase and Sale Agreement, dated December 23, 2009, between Wyndham, on one hand, and Geraldine Moore and Karen Hooks ("Plaintiffs"), on the other, for the purchase of a timeshare property interest ("Property") located in Atlantic City, New Jersey. Wyndham provided this copy to the Firm.

9.      The Purchase and Sale Agreement provides that it is governed by the laws of the State of New Jersey.

10.     Attached hereto as Exhibit B and incorporated herein is a true (partially redacted) copy of a Mortgage Note, dated December 23, 2009, between Plaintiffs and Wyndham in connection with Plaintiffs' purchase of the Property located in Atlantic City, New Jersey. Wyndham provided this copy to the Firm.

11.     The Mortgage Note provides that the parties' rights and obligations are governed by New Jersey law, except to the extent federal law permits a higher interest rate.

12.     Attached hereto as Exhibit C and incorporated herein is a true (partially redacted) copy of a Vacation Ownership Interest Mortgage, dated December 23, 2009, between Wyndham and Plaintiffs pertaining to Plaintiffs' purchase of the Property located in Atlantic City, New Jersey. Wyndham provided this copy to the Firm.

13.     The notarization of this mortgage states that Plaintiffs came before a New Jersey notary and acknowledged their execution and delivery of the mortgage.

14.     The mortgage bears an endorsement reflecting that it was recorded in the Clerk's Office of Atlantic County, New Jersey on February 17, 2010.

15.     Attached hereto as Exhibit D and incorporated herein is a true (partially redacted) copy of a Deed, dated January 22, 2010, executed by Wyndham to Plaintiffs for their Property in Atlantic City, New Jersey. Wyndham provided this copy to the Firm.

16.     The Deed bears an endorsement reflecting that it was recorded in the Clerk's Office of Atlantic County, New Jersey on February 17, 2010.

17.     I am informed and believe that Plaintiffs failed to make the first payment due under the Mortgage Note on February 6, 2010, or any payment due thereafter.

18.   In late March 2011, Wyndham referred the Plaintiffs' matter to Forman Holt to foreclose on Plaintiffs' Mortgage.

19.   Attached hereto as Exhibit E is a true (partially redacted) copy of the Fair Foreclosure Act notice ("Notice") that the Firm sent to Plaintiffs, dated April 5, 2011.

20.   The Notice was sent from the Paramus Office on or about April 5, 2011.

21.   The Notice was sent as a required step pursuant to New Jersey's Fair Foreclosure Act, 2A N.J.S.A. § 50:56, in the process of foreclosure of the Mortgage. If New Jersey law had permitted the foreclosure without the sending of such notice, the Notice would not have been sent to Plaintiffs.

22.   The Notice included a debt validation notice in accordance with the Fair Debt Collection Practices Act ("FDCPA").

23.   The debt validation notice in the Notice is identical in all material respects to the validation notice in Form 2-1 set forth in Volume 2 of Scott T. Tross, New Jersey Foreclosure Law & Practice (2001), a leading New Jersey treatise on foreclosure. A true copy of Form 2-1 is attached hereto and incorporated herein as Exhibit F.

24.   Shortly after April 19, 2011, the Firm received a letter, dated April 19, 2011, from Concetta Puglisi, Esq., a partner in Fagenson & Puglisi, as attorneys for plaintiff Hooks. This letter was addressed to the Paramus Office. Ms Puglisi requested in her letter that the Firm forward a deed in lieu of foreclosure for execution by the

debtors. A true copy of Ms Puglisi's letter is attached hereto and incorporated herein as Exhibit G.

25.    On or about May 23, 2011, Plaintiffs executed and delivered to the Firm a deed in lieu of foreclosure conveying the New Jersey Property back to Wyndham. A true (partially redacted) copy of the Deed in Lieu of Foreclosure, dated May 19, 2011, is attached hereto and incorporated herein as Exhibit H.

26.    To my knowledge, at no time prior to July 20, 2011, did Plaintiffs or their counsel disclose, even when the executed Deed in Lieu of Foreclosure was returned to the Firm, that they had already commenced this lawsuit.

27.    I am informed by Firm personnel that on July 20, 2011 a uniformed Bergen County, New Jersey, Sheriff's officer served a single copy of Plaintiffs' Complaint at the Paramus Office.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _September 28_, 2011          _____

                                     CHARLES M. FORMAN

# EXHIBIT A

**Notice to the Purchaser:**

YOU HAVE THE RIGHT TO CANCEL A CONTRACT OR AGREEMENT BY SENDING OR DELIVERING WRITTEN NOTICE OF CANCELLATION TO THE DEVELOPER BY MIDNIGHT OF THE SEVENTH (7TH) CALENDAR DAY ON WHICH IT IS EXECUTED. SUCH CANCELLATION IS WITHOUT PENALTY AND ALL MONIES SHALL BE PROMPTLY REFUNDED IN THEIR ENTIRETY.

**Notice to the Purchaser:**

WITHIN THE FIRST THREE (3) BUSINESS DAYS OF THIS SEVEN (7) DAY PERIOD, YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

| STANDARD | PURCHASE AND SALE AGREEMENT | ███████0841 |
|---|---|---|
| ANNUAL | VACATION OWNERSHIP INTEREST | CONTRACT NUMBER |

ESTIMATED CLOSING DATE: _____

## TABLE OF CONTENTS

PAGE

1. FORM OF OWNERSHIP.................................................................... 1
2. PROPERTY BEING SOLD.................................................................. 1
3. PURCHASE PRICE AND METHOD OF PAYMENT............................. 2
4. PROTECTION OF PURCHASER'S FUNDS ........................................ 2
5. MORTGAGE COMMITMENT.............................................................. 2
6. TITLE.............................................................................................. 2
7. PERSONAL PROPERTY AND FIXTURES............................................ 3
8. CLOSING; POSSESSION................................................................. 3
9. CLOSING COSTS............................................................................ 3
10. NOTICE OF OFF-SITE CONDITIONS................................................ 4
11. MEGAN'S LAW STATEMENT............................................................ 4
12. ENTIRE AGREEMENT...................................................................... 4
13. DEFAULT........................................................................................ 4
14. NO REAL ESTATE BROKERS............................................................ 4
15. GOVERNING LAW............................................................................ 4
16. NOTICES........................................................................................ 4
17. NO RECORDING.............................................................................. 4
18. NO ASSIGNMENT............................................................................ 4
19. BINDING EFFECT............................................................................ 4
20. MODIFICATIONS AND CHANGES..................................................... 4
21. RECEIPT OF CONDOMINIUM DOCUMENTS...................................... 4
22. ATTORNEY REVIEW........................................................................ 5
23. REFUND.......................................................................................... 5
24. TERMINATION OF AGREEMENT WITH BLOCKED PERSONS.............. 5
25. CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT ......... 5
26. CANCELLATION RIGHTS.................................................................. 5
27. NOTICE TO THE BUYER.................................................................. 6

THIS PURCHASE AND SALE AGREEMENT ("Agreement") is made and entered into this **23RD** day of **DECEMBER, 2009,** by and between **WYNDHAM VACATION RESORTS, INC.,** a Delaware corporation formerly known as Fairfield Resorts Inc., with an office located at 8427 SouthPark Circle, Orlando, Florida 32819, with a New Jersey address at 100 S. North Carolina Avenue, Atlantic City, New Jersey 08401, from now on referred to as "Seller" and **GERALDINE MOORE KAREN HOOKS JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP,** Member Number: ████6914, Telephone Number: (917) ████ of ███████████████ **NEW YORK NY 10039 USA,** from now on referred to as "Buyer", WITNESSETH:

1. **FORM OF OWNERSHIP.**
   **JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP**
   (Pick one: Joint tenant with right of survivorship; tenants in common; partnership; corporation; sole and separate property; or trustee)

2. **PROPERTY BEING SOLD.**
   A **210000/103,603,500** fee simple undivided interest in Unit(s) **2701-2712** ("Property") in

No. 1194/Rev. 10-08

Contract No. ███████ 0841

Fairfield Atlantic City - Skyline Tower, A Condominium ("Condominium") and, subject to subparagraph 8(c) below, the right to occupy and use the Property pursuant to the Master Deed and Timeshare Plan for Fairfield Atlantic City - Skyline Tower, A Condominium ("Master Deed") recorded or to be recorded in the Office of the Atlantic County Clerk, New Jersey, which interest is referred to in this Agreement as a Vacation Ownership Interest ("VOI"), as more specifically set forth in Seller's Public Offering Statement.

Being all that certain property situate, lying and being in the City of Atlantic City, County of Atlantic and State of New Jersey, located in the Condominium, known as Lots 1 and 2, Block 58, on the Tax Map of Atlantic City, together with a **210000/103,603,500** fee simple interest in the undivided 2.712 percentage interest in the common elements in the Property identified above, as is more specifically described in the Master Deed.

**SELLER IS SELLING THE UNIT(S) AND ALL PERSONAL PROPERTY UNDER THIS AGREEMENT "AS IS" AND MAKES: (I) NO WARRANTIES REGARDING THE CONSTRUCTION OR CONDITION OF THE CONDOMINIUM OR THE UNIT(S); (II) NO WARRANTIES REGARDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE OF THE CONDOMINIUM OR UNIT(S); AND (III) NO OTHER WARRANTIES OR REPRESENTATIONS EXCEPT AS MAY BE SPECIFICALLY SET FORTH IN THE PUBLIC OFFERING STATEMENT.**

3. **PURCHASE PRICE AND METHOD OF PAYMENT.**

| | | | |
|---|---|---|---|
| (a) | Purchase Price | (a) $ | 23,035.00 |
| (b) | Deposit Payment (upon signing this Purchase Agreement) | (b) $ | 4,676.80 |
| | Other Payment | $ | 0.00 |
| | Equity Transfer, if any,      $ 0.00 | $ | 4,676.80 |
| (c) | Amount Financed | (c) $ | 18,707.20 |

Please refer to Buyer's "Truth-In-Lending Disclosure Statement".

4. **PROTECTION OF PURCHASER'S FUNDS.** A surety bond in lieu of escrow held by the New Jersey Real Estate Commission will protect one hundred percent (100%) of all purchasers' funds during the applicable cancellation period.

5. **MORTGAGE COMMITMENT.** If Buyer chooses to finance this purchase through Seller, then Seller, by acceptance of this Agreement, hereby commits to Buyer a first mortgage loan in the amount indicated in subparagraph 3(c) above, subject to approval of Buyer's credit. As such, Buyer will execute and deliver to Seller the Mortgage Note and Mortgage in the forms as set forth in and attached to the Public Offering Statement of Seller ("Public Offering Statement"). The Mortgage Note and Mortgage, together with any other documents required for the Closing, all executed and acknowledged where appropriate, together with the Escrow Monies, will be delivered to the Escrow Agent to be held until the expiration of the rescission period. **IF THE BUYER CHOOSES NOT TO TAKE THE MORTGAGE FINANCING THROUGH THE SELLER, THEN THE BUYER AGREES TO PAY ALL CASH.** Provided the rescission period has expired, the Escrow Agent will then record the Mortgage and Deed and it will be deemed that closing has occurred. The Escrow Agent will disburse all closing costs in accordance with the settlement statement, and will distribute the balance of the Escrow Monies to Seller.

6. **TITLE.**
   (a) The Buyer will receive title to the Property by Bargain and Sale Deed With Covenants Against Grantor's Acts ("Deed") and will also receive the Seller's Affidavit of Title. Title to the Property shall be such as will be insured by or through a title company of Buyer's choice licensed to do business in the State of New Jersey (the "Title Company"), at standard rates, in accordance with the specimen title insurance policy annexed to Seller's Public Offering Statement and the following, none of which will prevent the use of the Property or the common elements for residential purposes:

No. 1194/Rev. 10-08

Contract No. ████0841

(i)     Conditions, limitations, restrictions, easements and agreements of record.

(ii)    Current taxes and municipal claims not yet due and payable.

(iii)   Rights of other Unit owners in the common elements.

(iv)    Rules, regulations and Bylaws of the Skyline Tower Vacation Condominium Association, Inc. ("POA")

(v)     Rights of the POA of access to the Property for necessary repairs, maintenance and replacement of any common elements, for maid service and general cleaning, or to prevent damage to the common elements or another unit, for emergencies, or as required by governmental order or requirement.

(vi)    Conditions, reservations and restrictions as imposed in the Master Deed recorded or to be recorded in the Office of the Atlantic County Clerk, New Jersey.

(vii)   Claims, if any, of the POA for POA Fees, in accordance with the terms of the Bylaws of the POA.

(viii)  Such state of facts as an accurate survey would reveal.

(b)     After the expiration of the Escrow Period, Seller shall cause to be issued to Buyer, at Buyer's expense, an owner's title insurance policy from the Title Company insuring Buyer's title to the Property, subject to the conditions of the title set forth in subparagraph 6(a) above. If Seller is unable to convey title to Buyer as provided in subparagraph 6(a) above, (i) all Escrow Monies paid under this Agreement shall be refunded to Buyer, (ii) Seller shall reimburse Buyer for actual costs incurred by Buyer for survey and title search fees, and neither Buyer nor Seller shall have any additional rights against the other and each shall be released from all obligations under this Agreement.

7.    **PERSONAL PROPERTY AND FIXTURES.** The Property being purchased by Buyer contains a number of items of personal property which are set forth in the Public Offering Statement. These items of personal property are not being purchased by the Buyer, but are the property of the POA. The items of personal property will stay within the Units and are not removable by Buyer. Buyer acknowledges that Buyer is not purchasing these items of personal property.

8.    **CLOSING; POSSESSION.**
       (a)     Closing or settlement shall take place on site, or at any other place within the County of Atlantic designated by the Seller. Provided that refurbishing of the Property is complete, Buyer shall be entitled to possession of the Property at any time after Closing, subject to the restrictions set forth in the Public Offering Statement, the Master Deed, the Reservation System Rules and Regulations, the Deed and any other documents in connection therewith. Time is of the essence of this Agreement as to Buyer's obligation to make payments as provided in Paragraph 5 of this Agreement. This means that if Seller postpones the Closing, Buyer must close title on such postponed closing date or forfeit its deposit as provided in Paragraph 13 of this Agreement.

       (b)     If Buyer should become delinquent in his payment of the POA Fees, Buyer understands and acknowledges that the POA will have the right to deny Buyer the use and enjoyment of the Property and the common areas of the Condominium until such time that all delinquent obligations are satisfied. This subparagraph shall survive the transfer of title.

       (c)     USE AND OCCUPANCY. The use, occupancy and possessory rights of Buyer's Vacation Ownership Interest to the Property shall be subject to and governed by the terms and conditions of the Master Deed. Buyer is hereby assigned 210000 Points, which Points are symbolic and are to be used by Buyer in reserving occupancy pursuant to the Master Deed.

       A reservation for occupancy of a Unit (as defined in the Master Deed) shall be confirmed pursuant to the Reservation System Rules and Regulations of Skyline Tower Vacation Condominium Association, Inc. This subparagraph shall survive the transfer of title.

       (d)     The Property is complete.

9.    **CLOSING COSTS.** In addition to any other costs required to be paid by Buyer as set forth in this Agreement, Buyer shall pay all of the expenses of closing including, without limitation, the following:

       (a)     Document preparation
       (b)     Title search and insurance premiums
       (c)     Recording fees
       (d)     Maintenance fee to the POA
       (e)     Processing Fee (Represents Seller's costs for processing this sale including document preparation expenses, personnel and related expenses, office and overhead expenses, and other related expenses)

Contract No. ████0841

**10.   NOTICE OF OFF-SITE CONDITIONS.** Pursuant to the New Residential Construction Off-site Conditions Disclosure Act, P.L. 1995, c.253 the clerks of municipalities in New Jersey maintain lists of off-site conditions which may affect the value of residential properties in the vicinity of the off-site condition. Purchasers may examine the lists and are encouraged to independently investigate the area surrounding this property in order to become familiar with any off-site conditions which may affect the value of the property. In cases where a property is located near the border of a municipality, purchasers may wish to also examine the list maintained by the neighboring municipality.

**11.   MEGAN'S LAW STATEMENT.** Under New Jersey Law, the county prosecutor determines whether and how to provide notice of the presence of convicted sex offenders in an area. In their professional capacity, real estate licensees are not entitled to notification by the county prosecutor under Megan's Law and are unable to obtain such information for you. Upon closing the county prosecutor may be contacted for such further information as may be disclosable to you.

**12.   ENTIRE AGREEMENT.** This Agreement constitutes the full, final and complete agreement between the parties with respect to the purchase of the Property, and no representations, claims, statements, advertising, promotional activities made by Seller or Seller's agents or representatives, shall in any way be binding upon the Seller.

**13.   DEFAULT.** If Buyer defaults under any of the terms of this Agreement, all Escrow Monies and other sums paid under this Agreement, not to exceed ten (10%) percent of the total purchase price of the Property and interest on the Escrow Monies, shall be retained by the Seller as liquidated damages and not as a penalty, with the balance refunded to the Buyer, it being acknowledged by the parties that the actual damages would be difficult to calculate, and the parties shall be relieved of any obligations under this Agreement, which shall become null and void. If by reason of Buyer's default litigation ensues, Buyer shall be responsible for Seller's reasonable attorney's fees and costs incurred as a result of the litigation if Seller is the prevailing party.

If Seller defaults under any of the terms of this Agreement, Buyer shall give Seller notice of such default and Seller shall have thirty (30) days in order to cure the default. In the event Seller does not so cure the default, Buyer may seek specific performance or elect to receive a return of the Escrow Monies without interest, without thereby waiving any action for damages resulting from Seller's breach; provided, however, that Buyer shall not be entitled to an award of consequential or special damages resulting from any such breach.

**14.   NO REAL ESTATE BROKERS.** Buyer agrees to defend and indemnify Seller against claims of any real estate brokers and/or sales persons due to acts of Buyer or Buyer's representative, other than brokers or sales persons employed by Seller.

**15.   GOVERNING LAW.** This Agreement shall be governed by the laws of the State of New Jersey.

**16.   NOTICES.** Unless specifically provided for, all notices, demands and replies required to be given under this Agreement between the parties shall be in writing and shall be either hand delivered or mailed, and if mailed, by certified mail, return receipt requested, to the respective addresses of the parties set forth on the first page of this Agreement. If hand delivered, notice shall be deemed to be given upon receipt. If delivered by certified mail, and the certified mail is accepted, it shall be deemed to be given upon acceptance. If certified mail is unclaimed, it shall be deemed to be given when mailed.

**17.   NO RECORDING.** This Agreement or any memorandum of it shall not be recorded in the office of the clerk of any county of the State of New Jersey.

**18.   NO ASSIGNMENT.** This Agreement may not be assigned (i.e., transferred) by Buyer. Seller reserves the right to assign or pledge this Agreement without the consent of Buyer.

**19.   BINDING EFFECT.** This Agreement is binding upon the parties to it and their heirs, legal representatives, successors and assigns.

**20.   MODIFICATIONS AND CHANGES.** Notwithstanding paragraphs 12 and 19 of this Agreement, Seller reserves the right to make clerical or typographical corrections in any documents related to this Agreement.

Contract No. ███████0841

**21.   RECEIPT OF CONDOMINIUM DOCUMENTS.**   By execution of this Agreement, Buyer acknowledges that prior to signing this Agreement, Buyer has received a copy of the New Jersey Public Offering Statement and the schedules and exhibits annexed to it, including without limitation, the Master Deed, Bylaws and Rules and Regulations of the POA.  Buyer also acknowledges, represents and warrants that the purchase of the Property is made for the Buyer's personal use, and not for investment purposes, without reliance on representations concerning rentals, rent return, tax advantages, depreciation or investment potential, or other monetary or financial advantage, by Seller, its agents, employees or associates.  Buyer further warrants that Buyer will not use the Interval as his principal residence.

**22.   ATTORNEY REVIEW.**

(a)      Study by Attorney.  The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted, the attorney must complete his or her review of the contract within a three-day period.  This contract will be legally binding at the end of this three-(3) day period, subject to the concurrent seven (7) day rescission (i.e., cancellation) period provided in Paragraph 23 of this contract, unless an attorney for the Buyer or the Seller reviews and disapproves of the contract.

(b)      Counting the Time.  You count the three (3) days from the date of delivery of the signed contract to the Buyer and the Seller.  You do not count Saturdays, Sundays or legal holidays.  The Buyer and the Seller may agree in writing to extend the three-day period for attorney review.

(c)      Notice of Disapproval.  If an attorney for the Buyer or the Seller reviews and disapproves of this contract, the attorney must notify the Broker(s) and the other party named in this contract within the three-(3) day period.  Otherwise this contract will be legally binding as written.  The attorney must send the notice of disapproval to the Broker(s) by certified mail, by telegram, or delivering it personally.  The telegram or certified letter will be effective upon sending.  The personal delivery will be effective upon delivery to the Broker's office. The attorney should also inform the Broker(s) of any suggested revisions in the contract that would make it satisfactory.

(d)      Other Rights of Cancellation.  The provisions of subparagraphs (a), (b) and (c) above are required by law where that this Agreement is being completed by a real estate broker.  These provisions do not modify or lessen any other rights of cancellation given in this Agreement.  Buyer should familiarize himself or herself with the other rights of cancellation as they are broader than those discussed above.  If the Agreement is cancelled during the rescission period, all monies shall be refunded.

**23.   REFUND.**  In the event of cancellation during the seven (7) day cancellation period, SELLER will refund all BUYER'S payments made under this Contract, reduced by any contract benefits BUYER has actually received under this Contract prior to the effective date of the cancellation, within thirty (30) days after receipt of notice of cancellation or receipt of funds from BUYER'S cleared check, whichever occurs later.

**24.   TERMINATION OF AGREEMENT WITH BLOCKED PERSONS.**   Under United States Presidential Executive Order 13224 (the "Executive Order"), Seller is required to ensure that it does not transact business with persons or entities determined to have committed, or pose a risk of committing or supporting, terrorist acts and those identified on the list of Specially Designated Nationals and Blocked Persons (the "List"), generated by the Office of Foreign Assets Control of the U.S. Department of the Treasury.  The names or aliases of these persons or entities ("Blocked Persons") are updated from time to time.  In the event Seller learns that Buyer's name appears on the List, Seller reserves the right to delay the closing pending Seller's investigation into the matter.  If Seller is advised and/or determines that Buyer is a blocked person, Seller reserves the right to terminate this Agreement and/or to take all other actions necessary to comply with the requirements of the Executive Order.  The provisions of this paragraph will survive closing and/or termination of this Agreement.

**25.   CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT.**  By signing below, Buyer acknowledges receipt of the Consumer Information Statement on New Jersey Real Estate Relationships from the Seller prior to the first discussion of Buyer's motivation or financial ability to buy.  Wyndham Vacation Resorts, Inc. and **JACK SCOTT BARTKY** (name of licensee) as its authorized representative are working in this transaction as the Seller's agent.

**26.   CANCELLATION RIGHTS.**  Any closing documents you sign before the expiration of the cancellation period will be held in escrow until the cancellation period has expired.  Legal title to the Property may not change until the expiration of the seven (7) calendar day cancellation period.

No. 1194/Rev. 10-08

Contract No. █████0841

27. **NOTICE TO BUYER.** You may cancel this Contract without any penalty or obligation within seven (7) calendar days of receipt of the public report or after the date you sign this Contract, whichever date is later. If you decide to cancel this Contract, you must notify the Seller in writing of your intent to cancel. Your notice of cancellation shall be effective upon the date sent and shall be sent to Wyndham Vacation Resorts, Inc., Attn. Contract Department at P.O. Box 94443, Las Vegas, Nevada 89193 by certified mail, return receipt requested. Your notice of cancellation may also be sent by hand-delivery to the sales office.

SELLER:

WYNDHAM VACATION RESORTS, INC.

Authorized Representative of Seller

WITNESS:

Print Name ___ Jack Geary

Print Name ___ Robert Peters

Inventory No. **000620471**

BUYERS:

GERALDINE MOORE

KAREN HOOKS

No. 1194/Rev. 10-08

# EXHIBIT B

Contract No. ████0841

# MORTGAGE NOTE

This Mortgage Note ("Note") is made on this 23RD day of DECEMBER, 2009.

BETWEEN the Borrower(s): **GERALDINE MOORE KAREN HOOKS JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP** whose address is ████████████████ , **ATLANTIC CITY, NJ 084010000**, referred to as "Borrower".

AND the Lender **WYNDHAM VACATION RESORTS, INC.**, a Delaware corporation, whose address is 8427 SouthPark Circle, Orlando, Florida 32819, referred to as the "Lender".

If more than one Borrower signs this Note, the word "Borrower" shall mean each Borrower named above. The word "Lender" means the original Lender and anyone else who takes this Note by transfer.

**Borrower's Promise to Pay Principal and Interest.** In return for a loan received, Borrower promises to pay to the Lender the sum of **EIGHTEEN THOUSAND SEVEN HUNDRED SEVEN DOLLARS AND TWENTY CENTS ($18,707.20) DOLLARS** ("Principal"), together with interest at the rate of **THIRTEEN 99/100 (13.99 %)** percent per annum ("Interest") as hereinafter provided.

**Payments.** Payment will be paid in 120 consecutive monthly installments in the amount of $ 291.89 each on **6TH** of each month beginning **02-06-2010**. All payments will be made to the Lender at the address shown above or to a different place if required by the Lender. The interest Borrower owes will be calculated on a daily interest factor basis using the foregoing interest rate and the actual number of days between payments and the actual number of days in the year. If Borrower makes the required installment payments prior to their due dates, the "FINANCE CHARGE" Borrower pays will be less than estimated by Lender since interest is being applied on a daily basis. If, however, Borrower makes any installment payments after they are due, Borrower understands that Borrower's delay in making the payment will necessarily increase the total amount of the "FINANCE CHARGE", even if there are no late charges assessed pursuant to this Note. Borrower's payments are applied first to Interest, then to any unpaid costs or expenses payable by Borrower under this Note, and then to reduce the Principal balance due. Interest will be charged on a daily basis starting as of the date of this Note, which is before Borrower's first (1st) installment payment is due. Borrower's final payment may be adjusted for the amount of Principal and Interest then owed as computed by use of the daily interest factor, actual receipt of payments and/or the charging of costs or expenses under this Note which are charged to Borrower's installment payments.

**Mortgage to Secure Payment.** The Lender has been given a Mortgage dated the same date as this Note to protect the Lender if the promises made in this Note are not kept. Borrower agreed to keep all promises made in the Mortgage covering property owned by Borrower and located at Fairfield Atlantic City - Skyline Tower, A Condominium, in the City of Atlantic City, County of Atlantic and State of New Jersey as more specifically defined in the Mortgage. All terms of the Mortgage are made part of this Note.

**Early Payments.** Borrower has the right to make early payments at any time before they are due. These early payments will mean that this Note will be paid in less time. However, unless Borrower pays this Note in full, the monthly payment will remain the same and such early payment will not affect the due date of the required payments.

**Prepayment.** Borrower can prepay the Principal at any time without penalty.

**Loan Charges.** If a law, which applies to this Note and which sets maximum charges, is finally interpreted so that the Interest or other charges collected or to be collected in connection with this Note exceed the permitted limits, then: (i) any interest and/or other charges will automatically be reduced by the amount necessary to reduce the interest rate or charges to the permitted limit, retroactively effective as of the date of this Note, and as though this Note originally provided for the reduced interest rate and/or charge, as the case may be; and (ii) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. The Lender may choose to make this refund by reducing the Principal Borrower owes under this Note or by making a direct payment to Borrower. If a refund reduces Principal, the reduction will be treated as a partial prepayment.

"This Loan is part of Collateral under a Collateral Agency Agreement, dated as of January 15, 1998, as amended, by and among the Collateral Agent (as defined therein) and the secured parties thereto. A first priority security interest herein is held by the Collateral Agent for each of the secured parties under the Collateral Agency Agreement."

No. 1149/Rev. 10-08

Contract No. 0841

**Late Charge.** If Borrower has not paid any installment within ten (10) days of the date it is due, Borrower will pay a late charge of $5.00 or 1% of the unpaid installment, whichever is greater.

**Collection Costs.** In the event Borrower defaults in his payment of this Note, Borrower will pay all court or other costs incurred by Lender in enforcing its rights under this Note including, without limitation, reasonable attorneys fees.

**Default.** If Borrower fails to make any payment required by this Note within 30 days after its due date, or if Borrower fails to keep any other promise made in this Note or in the Mortgage, the Lender may declare that Borrower is in default of the Mortgage and this Note. Upon default, Borrower must immediately pay the full amount of all unpaid Principal, Interest, other amounts due on the Mortgage and this Note and the Lender's costs of collection and reasonable attorney fees.

**Waiver.** Borrower gives up his right to require that the Lender do the following: (a) to demand payment (called "presentment"); (b) to notify me of nonpayment (called "notice of dishonor"); and (c) to obtain an official certified statement showing nonpayment (called a "protest"). The Lender may exercise any right under this Note, the Mortgage or under any law, even if Lender has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Lender does not waive its right to declare that Borrower is in default by making payments or incurring expenses on my behalf.

**Each Person Liable.** The Lender may enforce any of the provisions of this Note against any one or more of the Borrowers who sign this Note.

**No Oral Changes.** This Note can only be changed by an agreement in writing signed by both the Borrower(s) and the Lender.

**Assignment.** Lender may assign this Note at any time without any consent of Borrower.

**Governing Law.** New Jersey state law governs the rights and obligations of Borrower and the Lender under this Note, except to the extent applicable United States federal law, now in existence or hereafter enacted, permits a higher interest rate in which case the applicable federal law shall govern the interest rate, and in no event will the interest rate and the aggregate of all interest or any item deemed interest exceed under any circumstance the maximum, nonusurious amount permitted by applicable law.

**Signatures.** Borrower agrees to the terms of this Note. If the Borrower is a corporation, its proper corporate officers sign and its corporate seal is affixed.

WITNESS OR ATTESTED BY                          BORROWER:

_____          _____
                                         GERALDINE MOORE

_____          _____
                                         KAREN HOOKS

No. 1149/Rev. 10-08

# EXHIBIT C

ATLANTIC COUNTY, NJ: EDWARD P. McGETTIGAN, COUNTY CLERK
VOL 13112 RECORDED 02/17/2010 11:28:52 AM
REC FEES 40.00  MARGINAL NOTATION 0.00 RCPT# 808885
INST# 2010010105                    RECD BY: eileen

Contract No. ███████0841

## VACATION OWNERSHIP INTEREST MORTGAGE

THIS INSTRUMENT PREPARED BY:

WYNDHAM VACATION RESORTS, INC., TITLE DEPARTMENT

THIS MORTGAGE is made this **23RD day of DECEMBER, 2009.**

BY AND BETWEEN **GERALDINE MOORE KAREN HOOKS JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP** whose address is ███████████████████████, **ATLANTIC CITY, NJ 084010000,** referred to as "Borrower" AND WYNDHAM VACATION RESORTS, INC., a Delaware corporation, whose address is 8427 South Park Circle, #500, Orlando, FL 32819, referred to as the "Lender." Lender may assign this Mortgage at any time without prior notice to Borrower.

If more than one Borrower signs this Mortgage, the word "Borrower" shall mean each Borrower named above. The word "Lender" shall mean the original Lender and anyone else who takes this Mortgage by transfer.

    1.    **Mortgage Note.** In return for a loan that Borrower received, Borrower promises to pay $ **18,707.20** ("Principal"), plus interest at the rate of **13.99 %** *per annum* ("Interest") in accordance with the terms of a certain mortgage note dated the same date as this Mortgage (referred to as the "Note"). The Note provides for monthly payments of **291.89** to be applied first to Interest and then to Principal. All sums under the Note are due no later than **01-06-2020.** All terms of the Note are made part of this Mortgage.

    2.    **Property Mortgaged.** The property mortgaged to the Lender (the "Property") is located in the City of Atlantic City, County of Atlantic and State of New Jersey. The Property includes all rights that Borrower has, or will have, as owner of the Property, which is more particularly described as follows:

    A **210000 / 103,603,500** fee simple undivided interest in Unit(s) 2701-2712 ("Property") in Fairfield Atlantic City - Skyline Tower, A Condominium ("Condominium") and, subject to subparagraph 7(c) of the Master Mortgage recorded in the Office of the Atlantic County Clerk, New Jersey, Inst. #2005007307, Vol. #11928 ("Master Mortgage"), the right to occupy and use the Property pursuant to the Master Deed and Timeshare Plan for Fairfield Atlantic City - Skyline Tower, A Condominium recorded in the Office of the Atlantic County Clerk, New Jersey, Inst. #2005007307, Vol. #11928 ("Master Deed"), which interest is herein referred to as a Vacation Ownership Interest ("VOI"), as more specifically set forth in Seller's Public Offering Statement.

    Being all that certain property situate, lying and being in the City of Atlantic City, County of Atlantic and State of New Jersey, located in the Condominium, known as Lots 1 and 2, Block 58 on the Tax Map of Atlantic City, together with its appurtenant undivided common interest in the common elements, as is more specifically described in the Master Deed of the Condominium.

No. 1150/Rev. 10-06

Contract Number ████0841

Borrower shall be assigned **210000** Points ("Points") which Points are symbolic of Borrower's Property Interest and are to be used by Borrower in reserving occupancy pursuant to the Master Deed.

This Mortgage is a purchase money mortgage given to secure the balance of the money that Borrower owes to Lender for the purchase of the Property and incorporated herein by reference as if set forth in full are the Mortgage Terms set forth in the Master Mortgage.

WITNESS OR ATTESTED

Witness name ___ Jack S. Bartky ___

Notary name ___ Vin. Gibson ___

BORROWER

Name **GERALDINE MOORE**

Name **KAREN HOOKS**

STATE OF NEW JERSEY:
                           SS.
COUNTY OF ATLANTIC          :

**I CERTIFY** that on **DECEMBER 23RD, 2009, GERALDINE MOORE KAREN HOOKS JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP** personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a)    is named in and personally signed this Mortgage, and
(b)    signed, sealed and delivered this Mortgage as his or her act and deed.

Notary Name ___
Notary Public of ___
My Commission Expires ___

No. 1150/Rev. 10-06

# EXHIBIT D

ATLANTIC COUNTY, NJ: EDWARD P. McGETTIGAN, COUNTY CLERK
BOOK 13112 RECORD 02/15/2011 11:38:52 OR/RCPT: 808636
REC FEE 60.00 CRPT 74.00 CONSID 23,384.00
MARGINAL NOTATION 0.00
INST# 2010010104
                                              REC BY eileen

Prepared by:                                    Contract # [  ]0841
Eric Haley, Director, Title Services

## INTERVAL DEED
## VACATION OWNERSHIP INTEREST

**THIS DEED**, made this 22nd day of January, 2010, between **Wyndham Vacation Resorts, Inc.**, a Delaware corporation, having an office for the transaction of business at 8427 SouthPark Circle, Orlando, FL 32819 (from now on referred to as the "Grantor"); and Geraldine Moore and Karen Hooks, Joint Tenants with Right of Survivorship, located at [ ], Atlantic City, NJ 08401 (from now on referred to as "Grantee").

For and in consideration of the sum of Twenty Three Thousand Three Hundred Eighty Four Dollars and Zero Cents ($23,384.00), the receipt of which the Grantor hereby acknowledges, the Grantor grants and conveys (transfers ownership) the Property described below to the Grantee.

### LEGAL DESCRIPTION

The Property includes all rights that Grantor has, or will have, as owner of the Property. A 210,000/103,603,500 fee simple undivided interest in Unit(s) 2701, 2702, 2703, 2704, 2705, 2706, 2707, 2708, 2709, 2710, 2711 and 2712 ("Property") in Fairfield Atlantic City - Skyline Tower, A Condominium ("Condominium") and, subject to this Deed, the right to occupy and use the Property pursuant to the Master Deed and Timeshare Plan for Fairfield Atlantic City - Skyline Tower, A Condominium ("Master Deed") recorded in the Office of the Atlantic County Clerk, New Jersey as Instrument No. 2005007307, which interest is herein referred to in this Deed as a Vacation Ownership Interest ("VOI"), as more specifically set forth in the Master Deed.

Being all that certain property situate, lying and being in the City of Atlantic City, County of Atlantic and State of New Jersey, located in the Condominium, known as Lots 1 and 2, Block 58 on the Tax Map of Atlantic City, together with a 210,000/103,603,500 fee simple undivided interest in the appurtenant undivided 2.712 percentage interest in the common elements in the Property's constituent Units, as is more specifically described in the Master Deed.

The Property described above is a/an Annual ownership interest as described in the Master Deed and such ownership interest has been allocated 210,000 Points (as defined in the Master Deed) for use by the Grantee(s) in Each year(s).

This conveyance is subject to and by accepting this Deed, the Grantee(s) do(es) hereby agree to assume the following: 1. Taxes for the current year and subsequent years; 2. Conditions, restrictions, limitations, reservations, existing easements, and other matters of record; 3. Subject to the provisions of the Master Deed and Timeshare Plan for Fairfield Atlantic City at Skyline Tower, A Condominium, and any amendments to the Master Deed. 4. Subject to easements, zoning requirements and all other restrictions and matters of record, if any. 5. Subject to the provisions of the New Jersey Condominium Act ( N.J.S.A. 46:8B-1, et seq.) and all amendments and supplements to that Act. 6. Any liens (i.e., legal claims) created by Grantee's failure to pay POA Fees, as defined in the Master Deed.

Being a portion of the same property conveyed to the Grantor by Deed dated October 24, 2002 from Tannen 110 Realty, LLC, and recorded in the Office of the Atlantic County Clerk on November 6, 2002 as Instrument No. 2100758 in Deed Book 7337 at Page 1 in the Office of the Atlantic County Clerk.

To have and to hold all and singular, the premises described in this Deed, together with appurtenances, to the Grantee and to the Grantee's proper use and benefit forever.

And the Grantor covenants that Grantor has not done nor executed, nor knowingly suffered to be done, any act, deed or thing whatsoever whereby the premises conveyed in this Deed or any part of the premises now are or any time hereafter will or may be changed or encumbered in any manner whatsoever.

Grantee, by the acceptance of delivery of this Deed, does hereby irrevocably name, constitute, appoint, ratify and confirm Grantor, its successors and assigns, as their attorney-in-fact in their name, place and stead for

the express purpose of executing, acknowledging, delivering and recording any amendments or other documents evidencing consent to any and all amendments to the Master Deed, By-Laws of the Association and other condominium documents which are contemplated by the Master Deed and/or which may be required by a bank, mortgage banker or other institutional lender designated by Grantor to make mortgage loans on the Condominium units, or intervals of occupancy, or which may be required by any title insurance company insuring title to any portion of the Condominium or by the By-Laws of the Association and/or regulations of any governmental authority having or exercising jurisdiction with respect to the Condominium. The Power of Attorney is to be coupled with an interest in the subject matter hereof and the same shall run with the title to the property identified above, and be binding upon the successors and assigns of the undersigned and, in the case where Grantor has provided financing for Grantee's purchase of the Property, this Power of Attorney is additional security for Grantee's payment of the mortgage note and mortgage. This Power of Attorney shall terminate upon the earlier of: (i) five (5) years from the date of this Deed, or (ii) Grantee's full payment of the amounts due under the mortgage note and mortgage. The Power of Attorney shall not be affected by the death or disability of the principal and it is the Grantee's intention to deliver to the attorney all right, title and interest of the undersigned in and to that power.

Covenants made by the Grantee under this Deed shall inure to the benefit of the Grantor, its successors and assigns, and the owners of all unit weeks, or intervals of occupancy, until now or in the future conveyed by the Grantor.

IN WITNESS WHEREOF, Grantor has caused this deed to be duly executed the day and year first above written.

GRANTOR:
WYNDHAM VACATION RESORTS, INC.                    (CORPORATE SEAL)

By: _____
    Eric Haley
    Director, Title Services                           

STATE OF FLORIDA            )
                            )SS:
COUNTY OF Orange            )

BE IT REMEMBERED, on 22nd day of January, 2010 before me the subscriber, a Notary Public, personally appeared Eric Haley, Director, Title Services of Wyndham Vacation Resorts, Inc., who I am satisfied is the person who signed the within instrument, and signed, sealed with the corporate seal and delivered same as such officer, and that the within instrument is the voluntary act and deed of such corporation, made by virtue of a Resolution of its Board of Directors. The full and actual consideration paid or to be paid for the transfer of title to realty as evidenced by the within Deed is $23,384.00 (as such consideration is defined in N.J.S.A. 46:15-5.)



First Title of Virginia                 Notary Public of Florida
4526 Mechanicsville Turnpike            Print Name: Clara L. Balbuena
Mechanicsville, VA 23111
                                        My Commission Expires: 06/23/2012

CLARA L. BALBUENA
Comm# DD0799863
Expires 6/23/2012
Florida Notary Assn., Inc



GIT/REP-3
(3-06)

State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)   Wyndham Vacation Resorts, Inc.

Current Resident Address:

Street:   8427 SouthPark Circle

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Orlando | FL | 32819 |

## PROPERTY INFOMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
210,000 / 103,603,500 fee simple undivided interest in units 2701-2712, Fairfield Atlantic City - Skyline Tower

Steet Address:

100 South N. Carolina Ave, Atlantic City, NJ 08401

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Atlantic City | NJ | 08401 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100 % | $23,384.00 | 01/22/2010 |

## SELLER ASSURANCES (Check the Appropriate Box)

1. ☐  I am a resident taxpayer of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐  The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐  I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐  Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or private mortgage insurance company.

5. ☒  Seller is not individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐  The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐  The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and , to the best of my knowledge and belief, it is true, correct and complete.

01/22/2010                                                     Director, Title Services
_____        _____        _____
Date                                    Eric Haley           Signature
                                  (Seller) Please indicate if Power of Attorney or Attorney in Fact

_____        _____
Date                             Signature (Seller) Please indicate if Power of Attorney or Attorney in Fact

# EXHIBIT E



## FORMAN HOLT ELIADES & RAVIN LLC
### ATTORNEYS AT LAW

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin**
Erin J. Kennedy***
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman**
David S. Catuogno***
Harry M. Gutfleish**
Michelle Rosen Silverman**
Kimberly J. Salomon**
Robert H. Johnson**
Dipesh Patel**
Constance N. DeSena**
Matteo Percontino**

OF COUNSEL
Michael J. Connolly***
Wendy B. Green***
William A. Calandra*

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

April 5, 2011

**VIA CMRRR and First Class Mail**
Geraldine Moore

New York, NY 10039

Karen Hooks

New York, NY 10039

Re:    Mortgage Loan Default Related to a 210,000/103,603,500 fee simple undivided interest in Units 2701-2712, the ("Mortgaged Property") in Fairfield Atlantic City - Skyline Tower, A Condominium

**NOTICE PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT**

**NOTICE OF INTENTION TO ACCELERATE AND FORECLOSE PURSUANT TO THE NEW JERSEY FAIR FORECLOSURE ACT**

**REQUEST FOR DEED IN LIEU OF FORECLOSURE**

Dear Mr. Moore and Ms. Hooks:

We write to you on behalf of our client, Wyndham Vacation Resorts, Inc., ("Wyndham") in connection with a mortgage loan that is presently held by Wyndham. In particular, Wyndham holds a note and mortgage and other related loan documents (collectively, the "Loan") that you initially executed on or about December 23, 2009 in favor of Wyndham Vacation Resorts, Inc., f/k/a Fairfield Resorts, Inc. in the original principal amount of $18,707.20. The total amount of this debt was $22,104.47 as of March 18, 2011.

You are in default with respect to the Loan due to, among other things, your failure to make monthly payments when due and for your failure to pay all principal, interest and all other sums owing under the Loan for the month of February 6, 2010 and thereafter.

80 Route 4 East, Suite 290
Paramus, NJ 07652
T 201.845.1000
F 201.845.9112

888 7th Ave., Suite 4500
New York, NY 10106
T 212.707.8500
F 212.707.8511

664 Chestnut Ridge Road
Spring Valley, NY 10977
T 845.371.3451
F 845.371.7667

1615 Jackson Street
Philadelphia, PA 19145
T 215.925.7191
F 215.925.7192

Geraldine Moore and Karen Hooks
April 5, 2011
Page 2

The default may be cured by paying within thirty-one (31) days of the date of this letter (the "Cure Date") the amount of $4,453.46 plus the per diem interest of $9.822 for each day after April 5, 2011 until full payment is received by Wyndham. Please make your payment to Wyndham Vacation Resorts, Inc. and mail such payment to the following address:

>Wyndham Vacation Resorts, Inc.
>8427 South Park Circle
>Suite 500
>Orlando, Florida
>Attention: Clara Perez, Inventory Recovery Agent

If you have any questions with respect to this payment, or if you believe that Wyndham has erred in declaring your loan to be in default, or that Wyndham's calculation of the amount required to cure the default is not correct, you may contact Clara Perez at 407-626-6319.

You may also tender a Deed in Lieu of Foreclosure of the Mortgaged Property to Wyndham, which will resolve all claims by Wyndham against you under the Loan. If you so desire to give such a Deed in Lieu of Foreclosure, please contact the undersigned attorney at 201-845-1000.

Please note that if you do not cure your default by making payment as set forth in this letter, on or before the Cure Date, we may initiate a foreclosure litigation proceeding against you in a court of competent jurisdiction. Through such litigation, we would seek to terminate your ownership of the Mortgaged Property.

If you do not cure your default on or before the Cure Date, and we initiate a foreclosure litigation proceeding against you, you will still have an opportunity to cure the default prior to the entry of a foreclosure judgment pursuant to Section 5 of the New Jersey Fair Foreclosure Act.

Under New Jersey law, you may also have certain rights to transfer the Mortgaged Property to another party. However, any such party would take title to the Mortgaged Property subject to our client's existing mortgage loan and the new owner would still need to cure the default as set forth in the New Jersey Fair Foreclosure Act.

If you wish to receive legal advice regarding your default, you are advised to seek an attorney of your own choosing. If you are unable to obtain an attorney, you may contact the New Jersey Bar Association or Lawyer Referral Service in the county in

Geraldine Moore and Karen Hooks
April 5, 2011
Page 3

which the Mortgaged Property is located to discuss a suitable referral.   If you are unable to afford an attorney, you may contact the Legal Services Office in the county in which the Mortgaged Property is located to determine if they can provide you assistance.  A list of these offices and telephone numbers is enclosed.

Please note that there is a possibility that financial assistance may be available to cure the default from programs operated by the State or federal government or non-profit organizations, if any, as identified by the New Jersey Commissioner of Banking.  As set forth in Section 5 of the New Jersey Fair Foreclosure Act, a list of such programs promulgated by the Commissioner is enclosed.

Please be advised that pursuant to the United States Fair Debt Collection Practices Act, we are writing to provide you with the following information with respect to the Loan and its defaulted status.

UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU.  ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM WYNDHAM.  **THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Wyndham's receipt of any payment in an amount less than the full amount due shall not be construed as an accord and satisfaction or as Wyndham's agreement to accept a lesser amount as payment in full of the amount due.   Wyndham's acceptance of any endorsement or statement on any check evidencing a payment or a letter accompanying a payment shall not be deemed to be an accord and satisfaction, and Wyndham may accept any such payment or check without prejudice to its right to receive the balance of the full amount due or to pursue its rights and remedies.

To our knowledge, Wyndham has not received notice of any pending bankruptcy proceedings affecting the Mortgaged Property or any person or entity obligated to pay the total amount due.  If any party in receipt hereof is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (the "Code"), this letter shall then merely be written notice that formal demand has been made on the obligors of the note in compliance with the loan documents and state law.  This letter would therefore not be an act to collect, assess or recover a claim against a debtor in a bankruptcy proceeding, nor is this letter intended to violate any

Geraldine Moore and Karen Hooks
April 5, 2011
Page 4

provision of the Code.  Any claims against a debtor in a bankruptcy proceeding will be properly asserted in compliance with the Code.

Nothing contained herein is intended as, constitutes or should be construed as, an election of remedies or a waiver of any of Wyndham's rights or remedies.

Very truly yours,

William L. Waldman

ENCLOSURE

m:\admin\kws\merges\notice of fair debt collection practices act and ffa. revised.doc

# DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Revised 7/1/2008, CN 10792
Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

page 2 of 4

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Revised 7/1/2008, CN 10792
CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street,
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Revised 7/1/2008, CN 10792
Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

page 4 of 4

# EXHIBIT F

ew Jersey

OR COURT OF NEW JERSEY
ERY DIVISION
_____ COUNTY
F NO.: _____

CIVIL ACTION

ER RATIFYING SHERIFF'S
LE REGARDLESS OF ANY
REGULARITY OR DEFECT

E OF FIRM], attorneys for

_____ County, for an Order

love matter; and the Court

if any; and for good cause

D as follows:

love matter is hereby ratified

of this Order by its counsel,

d and the Sheriff of _____

_____
J.S.C.

---

**Mortgage Foreclosure Forms – Fair Foreclosure Act/Fair Debt Collection Practices Act**

[DATE]

**VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED,
AND REGULAR MAIL**

[NAME OF MR. DEBTOR]
ADDRESS

[NAME OF MRS. DEBTOR]
ADDRESS

Re:  Mortgage Loan Default Related to
[ADDRESS OF PROPERTY] the ("Mortgaged Property")
**THE FAIR DEBT COLLECTION PRACTICES ACT**

Dear Mr./Mrs. [DEBTOR]:

We write to you on behalf of our client, [NAME OF MORTGAGEE/CLIENT] (define "NAME OF MORTGAGEE/CLIENT") in connection with a mortgage loan that is presently held by [CLIENT]. In particular, [CLIENT] holds a note, mortgage and other related loan documents (collectively, the "Loan") that you initially executed on or about [DATE] in favor of [NAME OF ORIGINAL MORTGAGEE], in the original principal amount of [AMOUNT].

You are in default with respect to the Loan due to, among other things, your failure to make monthly payments when due and for your failure to pay all principal, interest and all other sums owing under the Loan for the months of _____, _____ and _____. You are also in default under the Loan due to your failure to pay taxes, late fees, and any other delinquent charges. By correspondence dated [DATE] from [CLIENT], you were advised of the foregoing defaults.

Please be advised that pursuant to the United States Fair Debt Collection Practices Act, we are writing to provide you with the following information with respect to the Loan and its defaulted status. UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US

**Form 2-1 Notice of Fair Debt Collection Practices Act**

**Mortgage Foreclosure Forms - Fair Foreclosure Act/Fair Debt Collection Practices Act**

[NAME OF DEBTOR]
[DATE]
Page 2

OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU.  ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM [CLIENT].  THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The total amount of this debt is [AMOUNT], as of [DATE], which includes principal in the amount of [AMOUNT], interest in the amount of [AMOUNT], late charges in the amount of [AMOUNT] and taxes in the amount of [AMOUNT.]

The name of the entity to which this money is owed is as follows:

[CLIENT]
ADDRESS
Attention:  [NAME], [TITLE]

You have until [DATE] (the "Cure Date") to pay this debt.  If you do not dispute the validity of this debt on or before said date, this firm will assume the debt is valid and intends to pursue [CLIENT's] rights and remedies against you.

If you require verification of this debt, you must write to this firm's address, which letter must arrive on or before [DATE], and this firm will obtain verification of the debt and mail it to you.

If [CLIENT] is not the original entity to which this debt is owed, and you so request in writing, which letter must arrive on or before the Cure Date, this firm will provide you with the name and address of the original lender.

[CLIENT's] receipt of any payment in an amount less than the full amount due shall not be construed as an accord and satisfaction or as [CLIENT's] agreement to accept a lesser amount as payment in full of the amount due.  [CLIENT's] acceptance of any endorsement or statement on any check evidencing a payment or a letter accompanying a payment shall not be deemed to be an accord and satisfaction, and [CLIENT] may accept any such payment or check without prejudice to its right to receive the balance of the full amount due or to pursue its rights and remedies.

[CLIENT] has not received notice of any pending bankruptcy proceedings affecting the Mortgaged Property or any person or entity obligated to pay the total amount due.  If any party in receipt hereof is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (the "Code"), this letter shall then merely be written notice that formal

**Form 2-1  Notice of Fair Debt Collection Practices Act**

**Mortgage For**

[NAME OF DEB
[DATE]
Page 3

demand has bee
state law.  This l
debtor in a bank
Code.  Any clai
compliance with

Nothing c
of remedies or a v

As set fo
concerning the a
REPRESENTAT
validity of the del
that there are no
enclosing copies

**Form 2-1  Notice**

ction Practices Act

Г AND MAIL IT TO
:0) DAYS, WE WILL
NAL CREDITOR IF
ΞMPT TO COLLECT
. THAT PURPOSE.

ι includes principal in
ırges in the amount of

ιu do not dispute the
s valid and intends to

address, which letter
he debt and mail it to

ιnd you so request in
provide you with the

amount due shall not
ιccept a lesser amount
rsement or statement
all not be deemed to
ιnt or check without
ɔursue its rights and

ιedings affecting the
ι due. If any party in
isions of the United
ιn notice that formal

---

**Mortgage Foreclosure Forms – Fair Foreclosure Act/Fair Debt Collection Practices Act**

[NAME OF DEBTOR]
[DATE]
Page 3

demand has been made on the obligors of the note in compliance with the loan documents and state law. This letter would therefore not be an act to collect, assess or recover a claim against a debtor in a bankruptcy proceeding, nor is this letter intended to violate any provision of the Code. Any claims against a debtor in a bankruptcy proceeding will be properly asserted in compliance with the Code.

Nothing contained herein is intended as, constitutes or should be construed as, an election of remedies or a waiver of any of [CLIENT's] rights or remedies.

As set forth in the letter you received from [CLIENT], if you have any questions concerning the amounts owed in connection with the Loan, you may contact (CLIENT's REPRESENTATIVE) at [TELEPHONE NUMBER]. If you have any questions concerning the validity of the debt, you must write to me at the address set forth above. If your records indicate that there are no unpaid amounts due under the note, please write [CLIENT] at [ADDRESS] enclosing copies of canceled checks or other evidence of payment.

Very truly yours,

[NAME OF FIRM]


By:_____
   [NAME OF ATTORNEY]

---

**Form 2-1  Notice of Fair Debt Collection Practices Act**

# EXHIBIT G

# FAGENSON & PUGLISI
## ATTORNEYS AT LAW

450 SEVENTH AVENUE
SUITE 704
NEW YORK, NEW YORK 10123

LAWRENCE M. FAGENSON
CONCETTA PUGLISI

NOVLETTE R. KIDD
H. J. JOSEPH

TELEPHONE: (212) 268-2128
FAX: (212) 268-2127

April 19, 2011

Wiliam L. Waldman, Esq.
Forman, Holt, Eliades & Ravin, LLC.
80 Route 4 East, Suite 290
Paramus, NJ 07652

Re: our client: Karen Hooks
Wyndham Contract #: ███0841
Membership #: ███6914

Dear Mr. Waldman:

Fagenson & Puglisi continues to represent Karen Hooks.

Kindly forward the "deed-in-lieu" and related materials to our office for execution.

Thank you.

Very truly yours,
FAGENSON & PUGLISI

Concetta Puglisi, Esq.

CP: mo

# EXHIBIT H

Prepared By:

William L. Waldman, Esq.

Contract# ████ 0841

# DEED IN LIEU OF FORECLOSURE
## VACATION OWNERSHIP INTEREST AT
## FAIRFIELD ATLANTIC CITY - SKYLINE TOWER

This DEED IN LIEU OF FORECLOSURE, made this 19th day of May, 2011 between GERALDINE MOORE AND KAREN HOOKS, JOINT TENANTS WITH RIGHT OF SURVIVORSHIP, whose address is ████████████, Atlantic City, NJ 08401, (hereinafter referred to as the "Grantors") and Wyndham Vacation Resorts, Inc., a Delaware Corporation, having an office for the transaction of business at 8427 South Park Circle, Orlando, FL 32819 (hereinafter referred to as the "Grantee").

For and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, the receipt of which the Grantors hereby acknowledge, the Grantors grant and convey to the Grantee (transfer ownership) all rights that Grantors have as owner of the Property hereinafter described:

### LEGAL DESCRIPTION

The Property includes all rights that Grantors have, or will have, as owners of the Property: A 210,000/103,603,500 fee simple undivided interest in Unit(s) 2701, 2702, 2703, 2704, 2705, 2706, 2707, 2708, 2709, 2710, 2711 and 2712 ("Property") in **Fairfield Atlantic City – Skyline Tower, A Condominium ("Condominium")** and, subject to this Deed, the right to occupy and use the Property pursuant to the Master Deed and Timeshare Plan for Fairfield Atlantic City – Skyline Tower, A Condominium **("Master Deed")** recorded in the Office of the Atlantic County Clerk, New Jersey as Instrument No. 2005007307, which interest is herein referred to in this Deed as a Vacation Ownership Interest ("VOI") as more specifically set forth in the Master Deed.

Being all that certain property situate, lying and being in the City of Atlantic City, County of Atlantic and State of New Jersey located in the Condominium, known as Lots 1 and 2, Block 58 on the Tax May of Atlantic City, together with a 210,000/103,603,500 fee simple undivided interest in the appurtenant undivided 2.712 percentage interest in the common elements in the Property's constituent Units, as is more specifically described in the Master Deed.

The Property described above is a/an Annual ownership interest as described in the Master Deed and such ownership interest has been allocated 210,000 Points (as defined in the Master Deed) for use by the Grantee(s) in Each year(s).

This conveyance is subject to, and by accepting this Deed, the Grantee does hereby agree to assume the following:

1. Taxes for future years;
2. Conditions, restrictions, limitations, existing easements, and other matters of record;
3. Subject to the provisions of the Master Deed and Timeshare Plan for Fairfield Atlantic City - Skyline Tower, A Condominium, and any amendments;
4. All easements, zoning requirements and all other restrictions and matters of record;
5. All provisions of the New Jersey Condominium Act (N.J.S.A. §46:8B-1, et seq.) and all amendments and supplements to that Act; and

Being part of the same property conveyed to the Grantors by Deed recorded in the Office of the Atlantic County Clerk on February 17, 2010 as Instrument No. 2010010104.

To have and to hold all and singular, the premises described in this Deed, together with appurtenances, to the Grantee and to the Grantee's proper use and benefit forever. Authority is hereby given from each Grantor to Grantee or a designee of Grantee to execute any and all instruments necessary to effect the recordation of this Deed, including an affidavit of consideration (RFT-1) and seller's tax declaration, (whether GIT/REP-I or GIT/REP-3).

And each Grantor covenants that Grantors have not done nor executed, nor knowingly suffered to be done, any act, deed or thing whatsoever whereby the premises conveyed in this Deed or any part of the premises now are, or any time hereafter will or may be, changed or encumbered in any manner whatsoever.

Covenants made by the Grantors under this Deed shall inure to the benefit of the Grantee, its successors and assigns, and the owners of all unit weeks, or intervals of occupancy, until now or in the future conveyed by the Grantee.

**PURSUANT TO N.J.S.A. §2A:50-63d, YOU MAY, WITHOUT PENALTY, RESCIND THIS CONVEYANCE WITHIN SEVEN (7) DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS. SUCH RESCISSION WILL BE EFFECTIVE UPON DELIVERY OF A WRITTEN NOTICE TO WYNDHAM VACATION RESORTS, INC. OR ITS AGENT OR UPON MAILING OF SUCH NOTICE TO WYNDHAM VACATION RESORTS, INC. OR ITS AGENT BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS: WYNDHAM VACATION RESORTS, INC. C/O FORMAN HOLT ELIADES & RAVIN, LLC, 80 ROUTE 4 EAST, SUITE 290, PARAMUS, NJ 07652, ATT: WILLIAM L. WALDMAN, ESQ.**

IN WITNESS WHEREOF, Grantors have caused this deed to be duly executed the day and year first above written.

Witnessed or Attested By:

_Geraldine Moore_ (Seal)
Grantor: Geraldine Moore

_Karen Hooks_ (Seal)
Grantor: Karen Hooks

_Anna Chiappetta_

STATE OF NEW YORK)

COUNTY OF New York ) SS

    I CERTIFY that on May 19 , 2011  Geraldine Moore personally came before me and stated to my satisfaction that :
(a) he/she was the maker of this Deed;
(b) executed this Deed as his or her own act; and
(c) made this Deed for $1.00 as the full and actual consideration paid or to be paid for the transfer of title.  (Such consideration is defined in N.J.S.A. 46:15-5.)
(d) he/she is known to me or did provide the following means of photo identification:
NYS Drivers License # ████ 0022

**CONCETTA PUGLISI**
Notary Public, State of New York
No. 01PU4858746
Qualified in Suffolk County
Commission Expires May 05, 2014

STATE OF NEW YORK
*Print name and title below signature*

**CONCETTA PUGLISI**
Notary Public, State of New York
No. 01PU4858746
Qualified in Suffolk County
Commission Expires May 05, 2014

STATE OF NEW YORK)

COUNTY OF New York ) SS

    I CERTIFY that on May 19 , 2011  Karen Hooks personally came before me and stated to my satisfaction that :
(d) he/she was the maker of this Deed;
(e) executed this Deed as his or her own act; and
(f) made this Deed for $1.00 as the full and actual consideration paid or to be paid for the transfer of title.  (Such consideration is defined in N.J.S.A. 46:15-5.)
(d) he/she is known to me or did provide the following means of photo identification:
NYS Driver's license # ████ 6201

STATE OF NEW YORK
*Print name and title below signature*

**CONCETTA PUGLISI**
Notary Public, State of New York
No. 01PU4858746
Qualified in Suffolk County
Commission Expires May 05, 2014

GIT/REP-3
(6-10)



State of New Jersey
## SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

### SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

Geraldine Moore

Current Resident Address:

Street: ▮▮▮▮▮▮▮▮

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Atlantic City | NJ | 08401 |

### PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 210,000/103,603,500 | Units 2701-2712 | Skyline |

Street Address:

100 South N. Carolina Avenue

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Atlantic City | NJ | 08401 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $1.00 | |

### SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 8 apply to Residents and Non-residents)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☒ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A. 54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

### SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box ☐ I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

_5/19/2011_
Date

X _Geraldine Moore_
Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

_5/19/2011_
Date

X _____
Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

## Seller's Residency Certification/Exemption Instructions

This form is to be completed by individuals, estates, trusts or any other entity selling or transferring property in New Jersey not subject to the Gross Income Tax estimated payment requirements under C55, P.L. 2004.

**Name(s):** Name of seller(s). If more than one owner separate forms must be used except for husband & wife/civil union couples that file their income tax returns jointly.

**Address:** Seller(s) primary residence or place of business. Do not use the address of the property being sold. Unless a new residence (permanent place of abode, domicile) has been established in New Jersey and said new residence is listed under seller(s) information, the seller(s) is considered a nonresident. Part-year residents will be considered nonresidents.

Nonresident seller(s) will be required to make an estimated Gross Income Tax payment if they do not meet any of the seller(s) assurances.

**Property Information:** Information as listed on deed of property being sold.

**Percentage of Ownership:** If there is more than one owner list sellers % of ownership.

**Consideration:** "Consideration" means in the case of any deed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is assumed and agreed to be paid by the grantee and any other lien or encumbrance not paid, satisfied or removed in connection with the transfer of title. If there is more than one owner, indicate seller's portion of total consideration received. If the total consideration for the property is $1,000 or less complete the Seller's Residency Certification/ Exemption form GIT/REP-3 and check box 6 under Seller's Assurances.

**Seller Assurances:** If you meet one of the eight criteria listed you are not required to make a tax payment at this time. Check which box is appropriate to your situation. Note that boxes 2 through 8 apply to residents and non-residents.

Persons claiming an exemption under block #2 must be claiming an income/gain exclusion on their federal return for the property being sold within the meaning of §.121 of the Internal Revenue Code of 1986.

Non-resident taxpayers claiming an exemption under box #7 for IRC section 1031 and receiving non-like kind property (i.e. money, stocks, etc.) as well as like kind property (i.e. real estate) with the exchange, must fill out the GIT/REP-1, NON-RESIDENT SELLER'S TAX DECLARATION form showing the non-like kind amount, and remit an estimated tax payment on the Fair Market Value of the consideration received for the non-like kind property. If no non-like property was received please check the block indicating such.

A third party (the accommodation party) for a deferred like-kind exchange must remit an estimated tax payment of 2% of the fair market value of the consideration received for the non-like kind property on behalf of the taxpayer if non-like property is received when the 1031 transaction is completed or remit 2% of the total consideration if the 1031 transaction is voided. Payment must be sent directly to the State of New Jersey, Revenue Processing Center, P.O. Box 222, Trenton, NJ 08646-0222. Please fill out GIT/REP-1 and NJ-1040-ES Voucher.

Complete a GIT/REP-3 AND GIT/REP-1. The GIT/REP-3 should show the value of the like kind exchange. The GIT/REP-1 should show the Fair Market Value of or consideration received for the non-like kind property (whichever is more).

**Example:** Mr. Smith exchanges rental property A with a fair market value of $1.2 million for rental property B with a fair market value of $1.0 million and receives $200,000 in cash (non-like kind property). An estimated tax payment is required to be withheld on the $200,000 in consideration of non-like kind property for non-residents.

| | |
|---|---|
| PROPERTY A | $1,200,000 |
| PROPERTY B | $1,000,000 |
| CASH | $  200,000 |
| Consideration for estimated tax payment for GIT/REP-1 | $  200,000 |

**Signature:** Seller(s) must sign and date the declaration. If the seller's representative is signing the declaration either (1) a Power of Attorney executed by the seller(s) to the representative must be previously recorded or recorded simultaneously with the deed to which this form is attached, or (2) a letter signed by the seller(s) granting authority to the representative to sign this form must be attached.

All information requested on this form must be completed. Failure to complete the form in its entirety will result in the deed not being recorded.

This form must be completed at the time of closing and given to the buyer or the buyer's attorney.

The buyer or buyer's attorney must submit the original Seller's Residency Certification/Exemption (GIT/REP-3) to the county clerk at the time of recording the deed. Failure to submit the Seller's Residency Certification/Exemption (GIT/REP-3) or Nonresident Seller's Tax Declaration (GIT/REP-1) or a Nonresident Seller's Tax Prepayment Receipt (GIT/REP-2) will result in the deed not being recorded.

The county clerk will attach this form to the deed when recording the deed.

Additional information regarding the Gross Income Tax estimated payment requirements on the sale of real estate can be found on the Division of Taxation's web page at www.state.nj.us/treasury/taxation.

GIT/REP-3
(6-10)



State of New Jersey
## SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

Karen Hooks

Current Resident Address:

Street: ▮▮▮▮▮▮▮▮▮

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Atlantic City | NJ | 08401 |

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 210,000/103,603,500 | Units 2701-2712 | Skyline |

Street Address:

100 South N. Carolina Avenue

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Atlantic City | NJ | 08401 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $1.00 | |

## SELLER ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 8 apply to Residents and Non-residents)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☒ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box ☐ I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

5/11/2011
Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

## Seller's Residency Certification/Exemption Instructions

This form is to be completed by individuals, estates, trusts or any other entity selling or transferring property in New Jersey not subject to the Gross Income Tax estimated payment requirements under C55, P.L. 2004.

**Name(s):**  Name of seller(s). If more than one owner separate forms must be used except for husband & wife/civil union couples that file their income tax returns jointly.

**Address:**  Seller(s) primary residence or place of business. Do not use the address of the property being sold.  Unless a new residence (permanent place of abode, domicile) has been established in New Jersey and said new residence is listed under seller(s) information, the seller(s) is considered a nonresident.  Part-year residents will be considered nonresidents.

Nonresident seller(s) will be required to make an estimated Gross Income Tax payment if they do not meet any of the seller(s) assurances.

**Property Information:**  Information as listed on deed of property being sold.

**Percentage of Ownership:**  If there is more than one owner list sellers % of ownership.

**Consideration:**  "Consideration" means in the case of any deed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is assumed and agreed to be paid by the grantee and any other lien or encumbrance not paid, satisfied or removed in connection with the transfer of title. If there is more than one owner, indicate seller's portion of total consideration received.  If the total consideration for the property is $1,000 or less complete the Seller's Residency Certification/ Exemption form GIT/REP-3 and check box 6 under Seller's Assurances.

**Seller Assurances:**  If you meet one of the eight criteria listed you are not required to make a tax payment at this time. Check which box is appropriate to your situation. Note that boxes 2 through 8 apply to residents and non-residents.

Persons claiming an exemption under block #2 must be claiming an income/gain exclusion on their federal return for the property being sold within the meaning of §.121 of the Internal Revenue Code of 1986.

Non-resident taxpayers claiming an exemption under box #7 for IRC section 1031 and receiving non-like kind property (i.e. money, stocks, etc.) as well as like kind property (i.e. real estate) with the exchange, must fill out the GIT/REP-1, NON-RESIDENT SELLER'S TAX DECLARATION form showing the non-like kind amount, and remit an estimated tax payment on the Fair Market Value of the consideration received for the non-like kind property.  If no non-like property was received please check the block indicating such.

A third party (the accommodation party) for a deferred like-kind exchange must remit an estimated tax payment of 2% of the fair market value of the consideration received for the non-like kind property on behalf of the taxpayer if non-like property is received when the 1031 transaction is completed or remit 2% of the total consideration if the 1031 transaction is voided.  Payment must be sent directly to the State of New Jersey, Revenue Processing Center, P.O. Box 222, Trenton, NJ 08646-0222.  Please fill out GIT/REP-1 and NJ-1040-ES Voucher.

Complete a GIT/REP-3 AND GIT/REP-1.  The GIT/REP-3 should show the value of the like kind exchange.  The GIT/REP-1 should show the Fair Market Value of or consideration received for the non-like kind property (whichever is more).

**Example:**  Mr. Smith exchanges rental property A with a fair market value of $1.2 million for rental property B with a fair market value of $1.0 million and receives $200,000 in cash (non-like kind property).  An estimated tax payment is required to be withheld on the $200,000 in consideration of non-like kind property for non-residents.

| | |
|---|---|
| PROPERTY A | $1,200.000 |
| PROPERTY B | $1,000,000 |
| CASH | $  200,000 |
| Consideration for estimated tax payment for GIT/REP-1 | $  200,000 |

**Signature:**  Seller(s) must sign and date the declaration.  If the seller's representative is signing the declaration either (1) a Power of Attorney executed by the seller(s) to the representative must be previously recorded or recorded simultaneously with the deed to which this form is attached, or (2) a letter signed by the seller(s) granting authority to the representative to sign this form must be attached.

All information requested on this form must be completed. Failure to complete the form in its entirety will result in the deed not being recorded.

This form must be completed at the time of closing and given to the buyer or the buyer's attorney.

The buyer or buyer's attorney must submit the original Seller's Residency Certification/Exemption (GIT/REP-3) to the county clerk at the time of recording the deed. Failure to submit the Seller's Residency Certification/Exemption (GIT/REP-3) or Nonresident Seller's Tax Declaration (GIT/REP-1) or a Nonresident Seller's Tax Prepayment Receipt (GIT/REP-2) will result in the deed not being recorded.

The county clerk will attach this form to the deed when recording the deed.

Additional information regarding the Gross Income Tax estimated payment requirements on the sale of real estate can be found on the Division of Taxation's web page at www.state.nj.us/treasury/taxation.