UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X Case No. 11-CV-2767-RJH
KAREN HOOKS and GERALDINE MOORE, on
behalf of themselves individually and all others
similarly situated,

                                    Plaintiffs


                                                            HON. RICHARD J. HOLWELL
              -against-                                      United States District Judge


FORMAN, HOLT, ELIADES & RAVIN, LLC. and
WILLIAM L. WALDMAN,

                              Defendants.
------------------------------------------------------------X


---

### MEMORANDUM OF LAW
### IN OPPOSITION
### TO
### MOTION TO DISMISS OR TO CHANGE VENUE

---


FAGENSON & PUGLISI
ATTORNEYS FOR PLAINTIFFS
NOVLETTE R. KIDD, ESQ. on the brief

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION.................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY...............1

III. CHANGE OF VENUE.........................................................4

A. CHANGE OF VENUE SHOULD BE TREATED BEFORE A
MOTION TO DISMISS.................................................4

B. 28 U.S.C. §1391...................................................5

C. THE SOUTHERN DISTRICT OF NEW YORKIS THE ONLY
JUDICIAL DISTRICT IN WHICH THE ACTION MIGHT
HAVE BEEN BROUGHT.............................................8

D. THE ACTION SHOULD NOT BE TRANSFERRED TO THE
DISTRICT OF NEW JERSEY
28 U.S.C. §1404(a)...............................................10

IV. FED. R. CIV. P. 12(b)(6) MOTION.....................................18

A. STANDARD OF REVIEW..........................................18

V. FDCPA CLAIMS............................................................18

A. §1692g(a)(3) – DEFENDANTS' LETTER IMPROPERLY
STATED THAT A DISPUTE MUST BE IN WRITNG IN
ORDER TO PREVENT THE ASSUMPTION OF
VALIDITY..............................................................18

B. §1692g(a)(4) – DEFENDANTS' LETTER IMPROPERLY
OMITTED THE STATEMENT THAT A DISPUTE MUST
BE IN WRITNG IN ORDER FOR THE CONSUMER TO
OBTAIN VERIFICATION OF THE DEBT.......................22

C. §§1692g(b), 1692e and e(10) – DEFENDANTS' LETTER
VIOLATED §§1692g(b), 1692e and e(10.....................23

D. §1692c(a)(2) CLAIMS.............................................23

**PAGE**

      E.  DEFENDANT WALDMAN IS A DEBT COLLECTOR..................23

VI.    PLAINTIFFS HAVE ADEQUATELY STATED THEIR CLAIMS
      UNDER NY GENERAL BUSINESS LAW, §349............................24

VII.    CONCLUSION.............................................................................25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X Case No. 11-CV-2767-RJH
KAREN HOOKS and GERALDINE MOORE, on
behalf of themselves individually and all others
similarly situated,

                                    Plaintiffs

                                                        **MEMORANDUM OF LAW**
                -against-                                **IN OPPOSITION**


FORMAN, HOLT, ELIADES & RAVIN, LLC. and
WILLIAM L. WALDMAN,

                                    Defendants.
---------------------------------------------------------X

## I.   <u>INTRODUCTION</u>

This Memorandum of Law is respectfully submitted in opposition to
defendants' motion to dismiss the First Amended Class Action Complaint
(hereafter "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative,
to change venue pursuant to 28 U.S.C. §1404(a) to the District of New Jersey.
Notably, defendants have not requested dismissal based on improper venue
pursuant to Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. §1406.

## II.   <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

This action is brought primarily pursuant to 15 U.S.C. §§1692 et seq., the
Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs also brought claims under
New York General Business Law, §349 and requested in their Complaint that the
Court, in its discretion, exercise pendent jurisdiction over these claims pursuant
to 28 U.S.C. §1367.

The facts giving rise to the action are stated more fully in the Affidavit in Opposition of first-named plaintiff, Karen Hooks (hereafter "Hooks Affidavit"). Plaintiffs are middle-aged ladies with modest incomes. Ms. Moore is on a fixed social security disability income. Ms. Hooks has only a tenth grade education. On December 23, 2009, plaintiffs were on a short visit to Atlantic City, New Jersey, They stayed at a hotel. They were cajoled into attending a presentation regarding a timeshare, on the promise that if they attended a short, 90-minute presentation they would be given $75 each. As so many other casino-goers have done before and after them, they took the bait and attended the presentation. At the end of the presentation when they went to collect their $75, they were talked into signing documents which they did not read, did not understand, concerning a matter they did not want. By the end of the day on December 23, 2009, they owned a timeshare and were liable under a 10-year mortgage for $18,707.20 at an annual interest rate of 13.99 percent. See Mortgage Note attached as **Exhibit B** to Forman Declaration in Support of Motion (hereafter "Forman Declaration").

Upon being clued in by Moore's son that they had obtained a mortgage for the purchase of the timeshare, they quickly sought legal advice. Hooks immediately consulted with her union legal services counsel, Fagenson & Puglisi. There, Ms. Puglisi informed her that she and Ms. Moore had indeed both obtained a mortgage. Ms. Puglisi instructed Ms. Hooks that she and Ms. Moore should write a letter to Wyndham and its associated entities mentioned in the closing documents - Fairfield Communities, Inc. and Fairshare Vacation Owners

Association – giving notice of cancellation (hereafter "Notice of Cancellation") of the contract on the ground of lack of understanding. This was done by plaintiffs on or about January 28, 2010. Notably, the first payment under the mortgage did not fall due to be paid until February 6, 2010. There was also a grace period of 10 days before a late charge would accrue. (See Mortgage Note attached as **Exhibit B** to Forman Declaration). A copy of the Notice of Cancellation is attached to the Hooks Affidavit as **Exhibit 1.**

The Notice of Cancellation specifically informed the addressees that plaintiffs had retained an attorney, Concetta Puglisi of Fagenson & Puglisi, that all contacts should be made with her and that they should not be contacted directly.

Thereafter, telephone calls and letters were sent by or on behalf of Wyndham to Ms. Moore at her home in Manhattan. Ms. Moore advised Ms. Hooks of this, who in turn advised Ms. Puglisi, prompting Ms. Puglisi to send a dispute letter to Club Wyndham Plus. This dispute letter (hereafter "Dispute Letter") is dated May 27, 2010, a copy of which is attached to the Hooks Affidavit as **Exhibit 2.**

Wyndham then wrote a letter, dated June 9, 2010, to Ms. Puglisi, acknowledging receipt of the Dispute Letter and advising that a written response to the Dispute Letter would follow from consumer affairs specialist, Dan Luke. A copy of this June 9, 2010 letter is attached as **Exhibit 3**.

Thereafter, by letter dated June 24, 2010 sent to Ms. Puglisi, Mr. Luke responded to the Dispute Letter, informing that Ms. Hooks's "account had been

coded to cease all collection calls." A copy of this June 24, 2010 letter is attached as **Exhibit 4**.

Then, shortly after April 5, 2011, plaintiffs received defendants' April 5, 2011 dunning letter. Plaintiffs contacted Ms. Puglisi. This action ensued.

Plaintiffs having advised Ms. Puglisi that they could not afford to pay a mortgage and that they did not want a mortgage, Ms. Puglisi handled the execution of the deed-in-lieu of foreclosure and returned same to defendants in or around late May 2011.

Despite having returned the deed to defendants, to date, five months later, Ms. Puglisi has yet to receive from defendants a copy of the fully executed, recorded deed showing that plaintiffs' ownership of the timeshare is at an end.

## III.    CHANGE OF VENUE

### A.    CHANGE OF VENUE SHOULD BE TREATED BEFORE MOTION TO DISMISS

Though defendants have termed their motion as one to dismiss or, in the alternative, change venue and have treated the alternatives in that order in their Memorandum of Law, it is respectfully submitted that the issue of venue should be treated first. This Court so stated in _Basile v. Walt Disney Co._, 717 F. Supp.2d 381 (S.D.N.Y. 2010) (Holwell, J.), which was a case in which defendants brought motions to dismiss or transfer for improper venue or, in the alternative, to dismiss for failure to state a claim. Some of the defendants there also objected to personal jurisdiction. The Court there noted that, at *385:

> At the threshold the Court must consider whether to decide venue or personal jurisdiction first-it is hornbook law that venue and personal

jurisdiction are threshold procedural issues to be decided before the substantive grounds in a motion to dismiss...Between these, personal jurisdiction is traditionally addressed first."

Since defendants have not challenged personal jurisdiction in their motion - indeed, in their Memorandum of Law, at *21, they have admitted that they were personally served with the summons and complaint – the undersigned will proceed to treat the issue of venue before that of the substance of the motion to dismiss.

## B.    28 U.S.C. §1391

Initially, it should be observed that the basis of jurisdiction is federal question, not diversity of citizenship. The federal question turns on the fact that the FDCPA, §1692k(d) provides that: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction..." Further, 28 U.S.C. §1331 – the federal question statute - provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, *laws* or treaties of the United States." (Emphasis added). The FDCPA being a law of the United States, federal question jurisdiction is thus conferred on the district court.

Defendants in their motion have barely mentioned 28 U.S.C. §1391, but have concentrated their attention instead on 28 U.S.C. §1404(a). The former statute, 28 U.S.C. §1391, is commonly referred to as the general venue statute.

## 28 U.S.C. §1391(a)

28 U.S.C. §1391(a) treats the case where jurisdiction is founded only on diversity of citizenship. As jurisdiction is founded in the case at bar on federal question, §1391(a) is inapplicable.

## 28 U.S.C. §1391(b)

It is 28 U.S.C. §1391(b) that governs this case, where jurisdiction is not founded solely on diversity of citizenship. The statute reads:

"(b)    A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought *only* in

(1)    a judicial district where any defendant resides, if all defendants reside in the same State,

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3)    a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." (Emphasis added).

## 28 U.S.C. §1391(b)(1)

It is respectfully submitted that subparagraph (1) is inapplicable in the case at bar. There are two defendants in this case - the limited liability company that is the law firm and the individual defendant. Defendants have not shown the place of residency of either defendant, let alone shown that both defendants reside in New Jersey.

The Forman Declaration ¶ 5, merely posits that "Forman Holt's primary office is located at 80 Route 4 East, Suite 290, Paramus, New Jersey 07652." However, this paragraph speaks only to the alleged primary office location, but says nothing regarding the actual legal residency of the company. Further, no

proof has been presented in support of the bald assertion in ¶ 5 that the New Jersey office is the "primary" office.

Indeed, a quick look at the bottom of the law firm's letterhead seen in the April 5, 2011 letter, attached to the Complaint as **Exhibit 1** and to the Forman Declaration as **Exhibit E**, reveals that there is one office location in New Jersey, two office locations in New York (one of which is in the Southern District of New York), and one office location in Pennsylvania.

Further, the website of the law firm directs that correspondence should be directed to any one of these four locations. At the bottom of each page of he website are the words "NEW YORK  NEW JERSEY  PENNSYLVANIA" in that order. A copy of a print-out made on September 14, 2011 from the law firm's "Offices" webpage on its website is attached as **Exhibit 5**.

Simply based on the number of contacts the law firm shows to the world, it would appear that New York would be the firm's most likely place of residence.

As to the individual defendant attorney Waldman, no Declaration or Affirmation has been submitted by him. The Forman Declaration contents itself by stating that "Since before 2009, Defendant William L. Waldman, Esq. has practiced law exclusively from the Paramus Office." See Forman Declaration ¶ 6. This statement, of course, says nothing about the residency of Mr. Waldman.

Since it is impossible on the moving papers to say in which judicial district any defendant resides, 28 U.S.C. §1391(b)(1) cannot apply.

**28 U.S.C. §1391(b)(2)**

Turning to 28 U.S.C. §1391(b)(2), this subparagraph directs that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

As a preliminary matter, it should be noted that the "subject of the action" is not the timeshare property that was purchased by plaintiffs. Rather, the subject of the action is the letter that was sent by defendants to plaintiffs. Plaintiffs' issue in this lawsuit is with the letter, not the timeshare. Viewed as such, defendants' many references in their moving papers to the fact that the timeshare property was located in New Jersey miss the mark.

**C.    THE SOUTHERN DISTRICT OF NEW YORK IS THE ONLY JUDICIAL DISTRICT IN WHICH THE ACTION MIGHT HAVE BEEN BROUGHT**

It is respectfully submitted that it is the first prong of 28 U.S.C. §1391(b)(2) that applies to this case and forms the basis of the general venue of this case. It is respectfully submitted that the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

The Second Circuit in *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 61 USLW 2350 (C.A.2 1992) held:

> "We conclude that receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act... the alleged violations of the Act turn largely... on the content of the collection notice. The most relevant evidence -the collection notice-is located in the Western District of New York." 980 F.2d 865, 868.

The Court of Appeals therefore reversed the district court's dismissal of the complaint for improper venue.

The facts of *Bates* are worth mentioning. Bates incurred a debt while he was a resident of the Western District of Pennsylvania. The defendant, a corporation with its principal place of business in the Western District of Pennsylvania, referred the account to C & S, a local collection agency which transacted no regular business in New York. Bates had meanwhile relocated to the Western District of New York. When C & S mailed a collection notice to Bates at his Pennsylvania address, the Postal Service forwarded the notice to Bates's new address in the Western District of New York. C & S's motion to dismiss for improper venue followed.

In the case at bar, unlike in *Bates*, plaintiffs have never resided in New Jersey. See Hooks Affidavit, ¶ 4. Unlike in *Bates*, at the time the debt was incurred, plaintiffs resided in the Southern District. See Hooks Affidavit, ¶ 5. Unlike in *Bates*, it appears from the contacts that defendant law firm shows to the world, that the law firm does transact regular business in New York. Unlike in *Bates*, defendants mailed the collection letter directly to plaintiffs in Manhattan, New York and there is where plaintiffs received the letter. *Bates* was a much closer case than the present one, but the Second Circuit had no trouble in holding that venue under 28 U.S.C. §1391(b)(2) was proper in the district in which the collection letter had been received, on the basis that the act of receipt is a substantial part of the events giving rise to a claim under the FDCPA.

The Court of Appeals in *Bates* also noted that as a general matter, §1391(b)(2) does not require the district court to determine the best venue, *id.* *867. In <u>D.H. Blair & Co. Inc., v. Gottdiener, 462 F.3d 95 (C.A.2 2006)</u>, the Court of Appeals, in affirming the district court's denial of a transfer motion, referred approvingly to *Bates*, noting that the venue statute does not require the district court to determine the *best* venue, only a *suitable* one. *See id.* * 106.

## 28 U.S.C. §1391(b)(3)

Turning to §1391(b)(3), by its terms it applies only where there is no district in which the action may otherwise be brought. As the action may be brought in the Southern District of New York under §1391(b)(2), subparagraph (3) does not apply.

The remaining paragraphs of §1391 are also inapplicable. Subparagraph (c) concerns a defendant that is a corporation, which neither of the defendants is.

In the instant case, on the facts, the only judicial district in which the action might have been brought is the Southern District of New York.

## D.    THE ACTION SHOULD NOT BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY

### <u>28 U.S.C. §1404(a)</u>

28 U.S.C. §1404(a) provides that:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This statute is commonly referred to as the change of venue statute. The movant bears the burden of establishing the propriety of transfer by clear and convincing

evidence. *Cartier v. D & D Jewelry Imports*, 510 F.Supp.2d 344, 345 (S.D.N.Y. 2007) (Holwell, J.). Also *Neil Brothers Limited v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, (E.D.N.Y.2006) (Spatt, J.), citing *Excelsior Designs, Inc. v. Sheres*, 291 F.Supp.2d 181, 185 (E.D.N.Y. 2003), citing *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (C.A.2 1950). Further, the movant must support its motion with a detailed factual affidavit. *Neil Bros.*, supra. "The moving party must demonstrate that: (1) the action is one that "might have been brought in the proposed transferee forum"; and (2) the transfer promotes convenience and justice. *Cartier*, at *345, citing to *Neil Bros*, supra.

The phrase where the action "might have been brought" in §1404(a) harkens back to the general venue statute, §1391 - more precisely §1391(b). As has been shown above, there is no judicial district, other than the Southern District of New York, where the instant action might have been brought pursuant to §1391(b). As has been shown, defendants have not submitted any "detailed factual affidavit" showing why the action might have been brought in the District of New Jersey. The sole Declaration/Affidavit from defendants is the Forman Declaration, which is devoid as to any details regarding the operations of the four offices of the law firm, except to say, in conclusory fashion, that the Paramus office is the "primary" office. Further, nothing is mentioned about the residency of the natural defendant, Mr. Waldman. Notably, defendants do not assert that the Southern District of New York is not a district in which the action might have been brought.

Defendants have failed to get past the first prong of the _Cartier_ test for transfer, which is to show that New Jersey is a district in which the action might have been brought. Defendants having failed to get past the first prong of the _Cartier_ test, the second prong need not be considered. However, in the event the Court determines that New Jersey is a district in which the action might have been brought, plaintiffs respectfully submit that defendants have failed to satisfy the second prong of the _Cartier_ test – that the transfer promotes convenience and justice.

District courts have broad discretion in evaluating convenience and whether the transfer is in the interest of justice. _Cartier_, at * 346, citing to _In re Cuyahoga Equip. Corp._, 980 F.2d 110, 117 (C.A.2 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."). A non-exclusive list of factors includes: (1) plaintiff's choice of forum, (2) the locus of the operative facts, (3) the convenience of witnesses, (4) the convenience and means of the parties, (5) the location of relevant documents and the relative ease of access to source of proof, (6) the availability of process to compel attendance of unwilling witnesses, (7) a forum's familiarity with the governing law, (8) trial efficiency and the interest of justice based on the totality of the circumstances. There is no rigid formula for balancing these factors and no single one of them is determinative. See _Cartier_, _supra_, at *346, citing _Citigroup, Inc. v. City Holding Co._, 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000) (Sweet, J.).

As a threshold factor to a consideration of §1404(a), it should be noted that defendants have failed to say which Vicinage in the District of New Jersey they are asking the Court to transfer the case to. They make much of the fact that the timeshare is located in New Jersey, within the Vicinage of Camden. They also make much of their conclusory assertion that their witnesses and evidence relating to the drafting and content of the collection notice are located in New Jersey. See Memorandum in Support, at * 23. Yet, if this is a reference to defendants' Paramus office, it should be pointed out that this is located in the Newark Vicinage. Even on defendants' own representations, therefore, there is a tension between possible divisions within the District of New Jersey, whereas the plaintiffs' forum choice is clear: Southern District of New York.

Factor (1) – Plaintiffs' Choice of Forum

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed: _Gulf Oil Corp. v. Gilbert_, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Though no factor is determinative, Courts generally give deference to the plaintiff's choice of forum, "which should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum." See _Citigroup_, at *516. In _Citigroup_, the Court denied the motion for transfer, holding that plaintiff's chosen forum is its principal place of business and that the scales rested "equipoise" as to most of the other factors.

In the case at bar plaintiffs reside in the forum district. Plaintiffs resided in the forum district at the time they incurred the debt the basis of defendants' collection notice. Defendants' client, Wyndham, knew that plaintiffs resided in this

forum at the time of the timeshare purchase because plaintiffs presented the Wyndham's representative with their driver's licenses, both of which showed New York, New York addresses. Hooks Affidavit ¶ 12. Also, see the Purchase and Sale Agreement, attached to the Forman Declaration as **Exhibit A,** where plaintiffs' address was stated to be in New York, New York. (It appears from the closing documents that Wyndham chose to use Moore's address as the residence address for both plaintiffs). Further, and significantly, plaintiffs received the collection notice in New York, New York. Hooks Affidavit ¶ 25. , Complaint ¶ 7. As *Bates, supra,* has held that the receipt of the collection notice is a substantial part of the events giving rise to an FDCPA claim, plaintiff's choice of forum, on the facts of this case, is a factor which ought to be accorded considerable weight.

Factor (2) – The locus of the operative facts

The only real connection of the facts to New Jersey is that defendants' collection notice was mailed from defendants' New Jersey office and was presumably drafted there. However those facts alone are insufficient to warrant a transfer of venue. Significantly, the majority of the thousands of collection notices sent out nationwide by debt collectors to consumers each day cross state lines on their way to the consumers. If the fact that the notice was prepared and mailed from a different district from that in which the consumer resides were to be given much weight for the purpose of a change of venue, then only rarely would a consumer be able to bring an FDCPA action in the district in which she received the collection notice – a result which is quite contrary to *Bates.*    As

- 14 -

mentioned, it is of little significance that the mortgaged property was located in New Jersey, since this case is not about the timeshare, but concerns defendants' dunning letter.

Factor 3 – The Convenience of Witnesses

The parties in this case have already exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). In their disclosures, the only witnesses listed by defendants were: both plaintiffs and their attorney, Concetta Puglisi, Esq., Charles M. Forman, Esq., as principal for the law firm, and Mr. Waldman, the other defendant. See defendants' initial disclosures, attached as **Exhibit 6**. So, of the five witnesses for defendants, three are located in the Southern District of New York (since the only location of Fagenson & Puglisi is in the Southern District of New York. In any event, Ms. Puglisi resides in the State of New York (this statement is made by the undersigned from personal knowledge). Regarding the remaining witnesses, one does not know where either Mr. Forman or Mr. Waldman resides. This factor, far from favoring defendants as they contend, actually favors plaintiffs.

Factor 4 – The Convenience and Means of the Parties

Defendants state that this factor is neutral. See Memorandum in Support, at * 22. Plaintiffs assert, however, that this factor also favors them and disfavors defendants. Plaintiffs can more easily appear in the Southern District of New York than in the District of New Jersey. Ms. Hooks has stated that she no longer has the financial means to go to Atlantic City and has been there only once so far this year. She states that Ms. Moore has not been there at all this year. Hooks

Affidavit, ¶ 28. Conversely, it is expected that defendants' being both attorneys, will have as little trouble (or even less) in getting to the Southern District of New York, as to get to any of the Vicinages in the District of New Jersey.

Factor 5 – The Location of Documents and Access to Sources of Proof

According to _Bates_, the most relevant document in an FDCPA case such as this one is the collection notice, which is located where it was received by plaintiffs – in the Southern District. The other portion of this factor is neutral.

Factor 6 – The Availability of Process to compel attendance of witnesses

Defendants have asserted that this factor is neutral. Memorandum in Support, at *22.

Factor 7 – Forum's Familiarity with the Governing Law

In their discussion of this factor, defendants have shown their true purpose: forum shopping. They make many references to the Third Circuit case of _Graziano v. Harrison_, 950 F.2d. 107 (C.A.3 1991), both in the venue portion and the rule 12(b)(6) portion of their motion. These references betray a circularity in their argument. Essentially, they argue that _Graziano_ applies because the proper forum is New Jersey and because the proper forum is New Jersey, _Graziano_ applies. As it relates to forum, they assert on *24 of their Memorandum in Support that the New Jersey Court knows best the law under _Graziano_ and therefore the case should go to New Jersey. Yet, as has been shown, since new Jersey is not a district in which the action might have been brought, it is irrelevant whether _Graziano_ is the applicable law in New Jersey. Indeed, it it clear that the only reason for which defendants are making this motion to change venue is that

they perceive an advantage to be gained from the _Graziano_ precedent, which is inapplicable in New York. This is blatant forum shopping, and it is hornbook law that a case will not be transferred where the movant desires transfer for an improper purpose. In this, defendants' are no better than the defendants in _In re Warrick_, 70 F.3d 736 (C.A.2 1995), who sought to transfer an action to the Middle District of Pennsylvania because that district had previously dismissed an action seeking essentially identical results as were the plaintiffs in _Warrick_, and the Third Circuit had affirmed the Middle District's dismissal for failure of the complaint to state a claim. The Second Circuit in _Warrick_ reversed the district court's decision to transfer the case to the Middle District of Pennsylvania.

Factor 8 – Trial Efficiency and the Interest of Justice

In the discharge of the burden which rests squarely on them, defendants have not shown how this factor weighs in their favor. Plaintiffs believe that trial efficiency is neutral, since it is believed that the case could be ready for trial in both districts within the same timeframe. As for the interest of justice based on the totality of the evidence, since plaintiffs bring a putative nationwide class action, this prong, too, rests in "equipoise".

It is respectfully submitted that there is no warrant to transfer the case to the District of New Jersey.

## IV.   FED. R. CIV. P. 12(b)(6) MOTION

### A.   STANDARD OF REVIEW

As recently stated by this Court in <u>Deans v. Bank of America</u>, 2011 WL 5103342 (S.D.N.Y. 2011) (Holwell, J.), "To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Citing <u>Starr v. Sony</u>, 592 F.3d 314, 321 (2d Cir.2010) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "In applying this standard of facial plausibility, the Court accepts all factual allegations as true, but it does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." <u>Id</u>". <u>Deans</u>, at *4.

## V.   FDCPA CLAIMS

### A.   §1692g(a)(3) – DEFENDANT'S LETTER IMPROPERLY STATED THAT A DISPUTE MUST BE IN WRITING IN ORDER TO PREVENT THE ASSUMPTION OF VALIDITY

Plaintiffs having shown that the action belongs in the Southern District of New York, it is not necessary to treat the law of the Third Circuit, particularly <u>Graziano</u>, in a contemplation of plaintiffs' FDCPA, §1692g(a)(3) claims. The validation notice on page 3 of defendants' April 5, 2011 letter, (**Exhibit E** to Memorandum in Support), clearly includes a writing requirement in the first

sentence – the §1692g(a)(3) sentence: ("Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed, we will assume that the debt is valid."). The plaintiffs claim in the First Cause of Action of the Complaint, ¶¶ 9-10, that this writing requirement violated the law in the Second Circuit. The merit of this claim should be judged through the lens of Second Circuit law.

Up to 2005, the Third Circuit in _Graziano_ was the only Court of Appeals to have addressed the issue of whether §1692g(a)(3) imposes a writing requirement. The Third Circuit in _Graziano_ held that it did, finding that a writing requirement should be read into the provision in order to prevent incoherence and to avoid potential conflicts.

"Notwithstanding this reasoning, district courts in the Second Circuit have concluded that Section 1692g(a)(3) entitles debtors to dispute their debts by telephone. Faced with a notice identical to that scrutinized by the _Graziano_ court- a notice that told the consumer "[u]nless you notify this office _in writing_ within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid," _Ong v. American Collections Enterprise, Inc._, 98 Civ. 5117, 1999 WL 51816, at *1 (E.D.N.Y Jan. 15, 1999) (emphasis supplied)-the court in _Ong_ held that such notification mislead consumers by implying that "the only method of disputing a debt is their written communication." _Id._ at *4." See _Nasca v. GC Services LP_, 2002 WL 31040647 (S.D.N.Y. 2002) (Cote, J.), at *6. Same _In re Risk Management Alternatives, Inc._, 208 F.R.D. 493 (S.D.N.Y.2002) (McMahon, J.), holding that the

requirement of a written dispute to prevent the assumption of validity of the debt under §1692g(a)(3) rendered the letter's validation notice improper.

Thereafter, in *Vega v. Credit Bureau Enterprises*, 2005 WL 711657 (E.D.N.Y. 2005) (Trager, J.), the District Court granted summary judgment in favor of plaintiff and certified a class action. The Court in *Vega* also had to deal with a similar situation as did the *Graziano* Court – where the collection letter required that the debt must be disputed in writing or the debt collector would assume that it is valid. The *Vega* Court collected a number of district court cases from the Second Circuit, and observed that, despite *Graziano*, "all district courts within the Second Circuit that have considered the issue concluded that subsection (a)(3) does not require the consumer to write to the collection agency in order to dispute the validity of the debt." *Vega*, at *8.

Then, later in the year 2005, the Ninth Circuit in *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 became only the second Court of Appeals to consider the writing requirement and subsection (a)(3). The Ninth Circuit disagreed with *Graziano's* imposition of a writing requirement, and held that disputes in order to prevent the assumption of validity may be made orally. In so holding, a split in the circuits was created.

In *Jerman v. Carlisle*, 464 F.Supp.2d 720 (2006), the Northern District of Ohio had occasion to consider the writing requirement and subsection (a)(3) in a case somewhat similar to the one at bar, where the debt collector was a law firm hired by a bank to collect a mortgage debt. The Ohio Court chose to follow *Camacho* and the many district court cases which did not impose a writing

requirement. The subsequent appeals through to the Supreme Court did not involve the question as to whether the _Camacho_ Court or the _Graziano_ Court was correct regarding the writing requirement and subsection (a)(3). To date, so far as research shows, it does not appear that the Second Circuit Court of Appeals has had occasion to consider the issue, but there is no district court case in this Circuit which agrees with _Graziano_.

Defendants' reliance on the Second Circuit's decision in _Miller v. Wolpoff & Abramson, LLP._, 321 F.3d. 292, (C.A.2) is misplaced, since in that case the validation notice in the collection letter did not impose a writing requirement. The Court rightly found no issue with the notice on that basis. _Shapiro v. Dunn & Bradstreet, 59 Fed. Appx.406 (C.A.2 2003)_, has also been misapplied by defendants. Again, defendants' reliance on _Sarno v. Midland Credit Management, Inc., 2011 WL 349974 (S.D.N.Y. 2011) (Pauley, III, J.)_ is mistaken. This case did not treat subsection (a)(3) at all. Further, it appears that the district court on *1 of the decision misquoted the letter's (a)(3) language by inserting a writing requirement, but a look at the actual letter which is attached to the complaint shows that there was no writing requirement in the assumption of validity paragraph. Defendants also refer to an imaginary "catch-22" situation.

Defendants' defense that they copied the letter's validation notice from a textbook on New Jersey foreclosure law is at best spurious. Defendants should have done their own legal research, rather than rely blindly on a book.

**B.    §1692g(a)(4) – DEFENDANTS' LETTER IMPROPERLY OMITTED THE STATEMENT THAT A DISPUTE MUST BE IN WRITING IN ORDER FOR THE CONSUMER TO OBTAIN VERIFICATION OF THE DEBT**

Plaintiffs complain of two errors in their Second Cause of Action in the Complaint. First, that the collection letter impermissibly omitted a reference to a written dispute in order for the consumer to obtain verification of the debt. Second, that the collection letter impermissibly omits that the dispute must be made within 30 days of the consumer's receipt of the collection letter. Both errors constitute violations of subsection (a)(4). Complaint ¶¶ 11-14. The impugned sentence in the April 5, 2011 is the second sentence of the letter's validation notice, which reads "If you do notify us of a dispute, we will obtain verification of the debt and mail it to you."

Defendants' response – that the writing and 30-day requirement carries over from the first sentence into the second sentence – is woefully inadequate, turns the statute on its head, and would reverse countless court decisions regarding improper language in the validation notice. Defendants would have this Court "carry forward" the writing requirement in the first paragraph, which requirement is improper to begin with and should not have been there in the first place. As to the 30-day requirement being "carried forward" this is just not how the Courts have decided cases on the language of the validation notice.

For example, in _Grief v. Wilson, Elser, 217 F.Supp.2d 336, (E.D.N.Y. 2002) (Spatt, J.)_ the Court denied a motion to dismiss where the claim arose out of the omission of the in writing requirement from the subsection (a)(4) and (a)(5)

sentences. See also *Nero v. Sam Streeter, 655 F.Supp.2d 200,* (E.D.N.Y. 2009) (Matsumoto, J.). *Same, Fasten v. Zager,* 49 F.Supp.2d 144, 148-149, (E.D.N.Y. 1999).

**C.     §§1692g(b),1692e and e(10) – DEFENDANT'S LETTER VIOLATED §§1692g(b), 1692e and 1692e(10)**

The violation of §1692g(b) is frequently found when paragraph (a)(3), (a)(4) or (a)(5) is violated. Similarly, for §§1692e ad 1692e(10). District courts have held that a violation of §§1692g(a)(3), (4) or (5), may constitute a *per se* violation of §§1692e and 1692e(10), and have refused to dismiss in a dispositive motion the *per se* claims under the §§1692e provisions prohibiting false and deceptive representations used in the collection of a debt. *See Turner v. Shenandoah Legal Group,* 2006 WL 1685698 (E.D.Va. 2006). Courts have generally preferred to allow the issue to go to a trial. Further, it is axiomatic in the Second Circuit that plaintiffs do not have to allege, or prove, that they themselves were actually deceived, since it is the least sophisticated consumer with whom the Courts are concerned, not the actual plaintiffs in the action.

**D.     §1692c(a)(2) CLAIMS** – Defendants' allegations regarding these claims are without substance.

**E.     DEFENDANT WALDMAN IS A DEBT COLLECTOR**

Defendants complain that there is no allegation in the complaint that Waldman is a debt collector within the meaning of the FDCPA. However, the Complaint alleges, in great detail, the activities of the law firm that render the law

firm a debt collector. Complaint ¶ 3. Defendants take no issue in their moving papers with the characterization of the law firm as a debt collector. In that vein, as the Complaint alleges that Waldman is a "partner, associate, officer or employee of the [law firm] and is the individual who actually wrote the [offending] letter to plaintiffs", such a description is sufficient to allege that Waldman is a debt collector. Waldman wrote and signed the letter and it is not denied by defendants that the letter is a debt collection letter. It is respectfully submitted that the allegations in the Complaint concerning Waldman are sufficient. In _Pu v. Charles H. Greenthal,_ 08-cv-10084 (S.D.N.Y. 2010) (Holwell, J.) the Court was faced with a situation where no facts had been alleged regarding the defendant being a debt collector and, indeed, on the facts of that case, it seemed clear that the defendant was the original creditor. In the case at bar, the relevant facts alleged regarding Waldman are tied to all the facts alleged regarding the law firm, with the further facts that he actually wrote and signed the impugned letter.

Further, attached as **Exhibit 7** is a September 14, 2011 print-out from defendants' website, which states that "Mr. Waldman has been a key attorney I the firm's commercial litigation and _collection practice._"(Emphasis added).

## VI.    PLAINTIFFS HAVE ADEQUATELY STATED THEIR CLAIMS UNDER
## NY GENERAL BUSINESS LAW, §349.

Courts are increasingly being asked to consider GBL §349 deceptive acts and practices claims concomitantly with FDCPA claims. Plaintiffs have made sufficient allegations in their Complaint as to satisfy the _Oswego_ factors. See _Oswego Laborers' Local 214 Pens. Fund v. Marine Midland Bank, N.A.,_ 85

N.Y.2d 20 (C.A. 1995). See Complaint ¶¶ 30-37. See *Rozier v. Financial Recovery Systems, Inc.*, 2011 WL 2295116 (E.D.N.Y. 2011) (Irizarry, J.),

The Complaint properly alleges the three requirements of §349: (1) that the act or practice was consumer-oriented; (2) that the act or practice was misleading in a material respect; and (3) that the plaintiffs were injured as a result. The standard to determine whether an act is materially misleading is objective, requiring no more than plaintiff alleging that the act was likely to mislead a reasonable consumer. As the least sophisticated consumer standard does entail the element of reasonableness, the Complaint's many references in ¶¶ 30-37 to the least sophisticated consumer suffices. All of defendants' other criticisms of the NYGBL provisions of the Complaint are similarly without merit.

## VII.   CONCLUSION

Defendants have not shown either that the action should be transferred to the District of New Jersey or that any cause of action in the Complaint should be dismissed. Plaintiffs therefore respectfully request that the motion be denied in its entirety.

Dated: New York, New York
        November 4, 2011.

                                Respectfully Submitted,
                                FAGENSON & PUGLISI


                                _____/s/ Novlette R. Kidd_____
                                NOVLETTE R. KIDD, ESQ.
                                Attorneys for Plaintiffs
                                450 Seventh Avenue, Suite 704
                                New York, New York 10123
                                Tel.:(212)268-2128
                                Fax:(212)268-2127

# EXHIBIT "3"



June 9, 2010

Concetta Puglisi, Esq.
Fagenson & Puglisi
Attorneys at Law
450 Seventh Avenue, Suite 704
New York, NY 10123

**Sent via fax: (212) 268-2127– 1 page**

RE:   Karen Hooks

Dear Ms. Puglisi:

On June 8, 2010, the Consumer Affairs department of Wyndham Vacation Ownership received your correspondence dated May 27, 2010 regarding Wyndham Vacation Resorts and your client, Karen Hooks.

This matter has been assigned to Dan Luke, Consumer Affairs Specialist. He will forward a written response no later than July 8, 2010. If you would like to speak to Mr. Luke in the interim, he may be reached at (407) 626-4573.

Sincerely,

Brenda George
Director, Consumer Affairs
Office of the General Counsel
Wyndham Vacation Ownership, Inc.

cc: Dan Luke

**Wyndham Vacation Resorts, Inc.**
8427 SouthPark Circle
Orlando, FL 32819

(407) 626-5200 ph
(407) 370-5204

# EXHIBIT "4"



June 24, 2010

Concetta Puglisi, Esq.
Fagenson & Puglisi
Attorneys at Law
New York, NY  10123

**SENT VIA US POSTAL-49 PAGES**

Re: Karen Hooks
Contract no. 000430610329

Dear Ms. Puglisi:

The Consumer Affairs department of Wyndham Vacation Ownership received your correspondence on June 8, 2010. Please allow this letter to serve our response.

We regret to hear of any concerns your client may have with their purchase with Wyndham Vacation Resorts.

As you requested please see the enclosed copy of your clients contract no. 72-0930841, we have also included their loan and assessment history concerning their past due balances. In addition, you requested the name and address of the original creditor, Wyndham Vacation Resorts, Inc, a Delaware corporation, whose address is 8427 SouthPark Circle, Orlando, FL 32819.

At your request, Ms. Hook's account has been coded to cease all collection calls. However, she will continue to receive billing statements. Please note your client's contract is a legally binding document and they have no legal right to unilaterally cancel or revoke. Should your client fail to make payments when due your client will be considered in default of their contract and we will proceed accordingly.

Please contact me if you have any additional questions.

Sincerely,

Dan Luke
Specialist
Consumer Affairs Department
Office of the General Counsel
Wyndham Vacation Ownership
407-626-4573 phone new
407-370-5204 fax
daniel.luke@wyndhamvo.com

Wyndham Vacation Ownership, A Wyndham Worldwide Company
www.WyndhamWorldwide.com

cc: file
attachments: copy of contract 00072-0930841, loan and assessment history

Wyndham Vacation Resorts, Inc.        (407) 626-5200   ph
8427 SouthPark Circle                 (407) 370-5204   fax
Orlando, FL 32819

# EXHIBIT "5"



## Your Challenges

Business Insolvency

Creditor Representation

Bankrupt Franchisees

Commercial Disputes

Trustee & Committee Matters

Consumer Finances

Transactional Matters

## Our Solutions

Firm Overview

Attorneys

News & Events

Library

**Offices**

Directions

Contact Us

## Offices

Correspondence should be directed to:

Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Telephone: 201.845.1000
Telefax:    201.845.9112
E-mail: firm@formanlaw.com

Forman Holt Eliades & Ravin LLC
664 Chestnut Ridge Road
Spring Valley, New York 10977
Telephone: 845.371.3451
Telefax:    845.371.7667
E-mail: firm@formanlaw.com

Forman Holt Eliades & Ravin LLC
1615 Jackson Street
Philadelphia, Pennsylvania
Telephone: 215.925.7191
Telefax:    215.925.7192
E-mail: firm@formanlaw.com

Forman Holt Eliades & Ravin LLC
888 Seventh Ave., 45th Floor, Suite 4500
New York, NY 10106
Telephone: 212.707.8500
Telefax:    212.707.8511
E-mail: firm@formanlaw.com

NEW YORK        •        NEW JERSEY        •        PENNSYLVANIA

Copyright © 2005 Forman Holt Eliades & Ravin LLC. All rights reserved.
Privacy Policy & Disclaimer

# EXHIBIT "6"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

KAREN HOOKS and GERALDINE MOORE,
on behalf of themselves and all others
similarly situated,                                           NO. 1:11-cv-02767 (RJH)

                    Plaintiffs,

        - against -

FORMAN HOLT ELIADES & RAVIN LLC               **DEFENDANTS' RULE 26(a)(1)**
and WILLIAM L. WALDMAN,                        **INITIAL DISCLOSURES**

                  Defendants.

————————————————————————x

      Defendants, Forman Holt Eliades & Ravin LLC ("Firm") and William L. Wald-
man (collectively "Defendants"), by their attorneys, hereby submit the following initial
disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

  i.    **The name and, if known, the address and telephone number of each individu-
al likely to have discoverable information – along with the subjects of that in-
formation – that  the disclosing party may use to support its claims or de-
fenses, unless the use would be solely for impeachment:**

In addition to both Plaintiffs and their attorney, Concetta Puglisi, Esq.,

        Charles M. Forman, Esq.
        Forman Holt Eliades & Ravin LLC
        80 Route 4 East - Suite 290
        Paramus, NJ 07652
        (201) 845-1000

Mr. Forman has potentially discoverable information about the nature of the law prac-
tice of the Firm; the Firm's knowledge about the underlying mortgage debt and com-
munications concerning it between Wyndham and Plaintiffs (and their representative);
and communications with Concetta Puglisi, Esq.

William L. Waldman, Esq.
Forman Holt Eliades & Ravin LLC
80 Route 4 East - Suite 290
Paramus, NJ 07652
(201) 845-1000

Mr. Waldman has potentially discoverable information about the Fair Foreclosure Act Notice letter that is the subject of the First Amended Complaint; the nature of his law practice and that of the Firm; his knowledge and that of the Firm about the underlying mortgage debt and communications concerning it between Wyndham Vacation Resorts, Inc. ("Wyndham") and Plaintiffs (and their representative); and communications with Concetta Puglisi, Esq.

ii.    **A copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Attached to this initial disclosure are copies of the following, which Defendants may use to support their defenses:

- Purchase and Sale Agreement executed by Wyndham Vacation Resorts, Inc. and Geraldine Moore and Karen Hooks for the purchase of a timeshare interest in the Skyline Tower in Atlantic City, New Jersey, dated December 23, 2009.
- Mortgage Note executed by Geraldine Moore and Karen Hooks in connection with their purchase of a timeshare interest in the Skyline Tower in Atlantic City, New Jersey, executed December 23, 2009.
- Vacation Ownership Interest Mortgage executed by Geraldine Moore and Karen Hooks and acknowledged in Atlantic County, NJ in connection with their purchase of a timeshare interest in the Skyline Tower in Atlantic City, New Jersey, executed December 23, 2009.
- Credit Authorization by Geraldine Moore and Karen Hooks in connection with their purchase of a timeshare interest in the Skyline Tower in Atlantic City, New Jersey executed December 23, 2009
- Interval Deed executed by Wyndham to Moore and Hooks for an interest in Units 2701-2712 in the Skyline Tower, dated January 22, 2010.
- Letter from Geraldine Moore and Karen Hooks to Fairfield Communities, Inc., *et al.*, dated January 26, 2010.*
- Letter from Club Wyndham Plus to Moore and Hooks, dated April 23, 2010.*
- Letter from Concetta Puglisi to Club Wyndham Plus, dated May 27, 2010.*

2

- Letter from Defendants to Geraldine Moore and Karen Hooks, dated April 5, 2011.
- Letter from Concetta Puglisi to William L. Waldman, dated April 19, 2011.
- Letter from Defendants to Concetta Puglisi dated May 16, 2011.
- Deed in Lieu of Foreclosure executed by Geraldine Moore and Karen Hooks, dated May 19, 2011.

---

\*   These documents were obtained from Wyndham since the First Amended Complaint in this action was served.

iii.   **A computation of each category of damages claimed by the disclosing party – who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants are not currently seeking damages.

iv.   **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The following is available for inspection and copying:

- Chubb Insurance Policy

Dated:  September 28, 2011

/s/David H. Weinstein

DAVID H. WEINSTEIN
LEILA E. ELY
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
T: (215) 545-7200
F: (215) 545-6535

Attorneys for Defendants,
Forman Holt Eliades & Ravin LLC and
William L. Waldman

3

# EXHIBIT "7"



## Your Challenges

Business Insolvency

Creditor Representation

Bankrupt Franchisees

Commercial Disputes

Trustee & Committee Matters

Consumer Finances

Transactional Matters

## Our Solutions

Firm Overview

**Attorneys**

News & Events

Library

Offices

Directions

Contact Us



# William L. Waldman

80 Route 4 East, Suite 290
Paramus, New Jersey 07652
TELEPHONE:201.845.1000
TELEFAX:201.845.9112
EMAIL:wwaldman@formanlaw.com

Since joining Forman Holt Eliades & Ravin in 2001, Mr. Waldman has been a key attorney in the firm's commercial litigation and collection practice. He is an experienced litigator with significant skill litigating in State and Federal Courts in both New York and New Jersey. Mr. Waldman has expertise in all aspects of commercial litigation, including pre-trial discovery, trials, collections, the pursuit of federal and state court judgments, the foreclosure of mortgages and enforcement of all forms of security instruments. He also has vast experience in transactional matters. Mr. Waldman is skilled at negotiating and drafting all types of agreements, including settlement agreements, employment contracts, real estate agreements, and other types of business contracts.

Prior to joining the firm, Mr. Waldman worked for a Hackensack, N.J. firm specializing in commercial litigation, transactional matters and collections.

Mr. Waldman was the recipient of the Order of the Barristers for "Excellence in Court Room Advocacy" and the Jacob Burns Medal for "Distinguished Achievement in Moot Court Competition".

Education
New York University (B.A. 1986)
Benjamin N. Cardozo School of Law (J.D. 1991)

Admissions
State of New Jersey
State of New York
United States District Court for the District of New Jersey
United States District Court for the Southern District of New York
United States Circuit Court of Appeals for the Third Circuit

Memberships
New Jersey State Bar Association
Bergen County Bar Association

Printer Friendly Version

Attorneys

NEW YORK   •   NEW JERSEY   •   PENNSYLVANIA

Copyright © 2005 Forman Holt Eliades & Ravin LLC. All rights reserved.
Privacy Policy & Disclaimer

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2011 the foregoing Opposition Papers were filed with the Clerk of the Court using the CM/ECF system and that the CM/ECF system will send notification of such filing to all attorneys of record.

                                          ____ /s/ Novlette R. Kidd _____
                                          NOVLETTE R. KIDD, ESQ.
                                          Attorneys for Plaintiffs
                                          450 Seventh Avenue, Suite 704
                                          New York, New York 10123
                                          Tel.:(212)268-2128
                                          Fax:(212)268-2127