UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

KAREN HOOKS, *et ano.*,                          NO. 1:11-cv-02767 (LAP)

            Plaintiffs,

   v.

                                            **ANSWER TO THE FIRST**
FORMAN HOLT ELIADES & RAVIN LLC,      **AMENDED CLASS ACTION**
                                            **COMPLAINT**

            Defendants.
----------------------------------------x

      Defendant Forman Holt Eliades & Ravin LLC, now known as Forman Holt Eliades & Youngman LLC ("Forman Holt"), by its attorneys, hereby answers the portions of the First Amended Class Action Complaint ("Complaint"), document # 11, that have not been previously dismissed by the Court as affirmed by the United States Court of Appeals for the Second Circuit. In answering these portions of the Complaint, Forman Holt reserves and does not waive its pending alternative motion, document # 14, for transfer of this action to the District of New Jersey.

      1.     It is admitted that the plaintiffs ("Plaintiffs") purport to have brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and New York General Business Law § 349. In all other respects, the averments of Paragraph 1 of the Complaint are denied, including without limitation that Forman Holt has violated either of such statutes.

2. Forman Holt is without sufficient information to admit or deny the averments of Paragraph 2 of the Complaint and the same, to the extent they are not legal conclusions to which no answer is required, are therefore denied.

3. Denied, except the second and third sentences of Paragraph 3 of the Complaint, to the extent they apply to Forman Holt, are admitted. It is also admitted that, at the time the letter referred to was sent to Plaintiffs, Wyndham Vacation Resorts, Inc. was a client of Forman Holt, that William L. Waldman was a member of the firm, and that he wrote the letter to Plaintiffs.

4. It is admitted that the Court has jurisdiction and that venue could be had in this District. In all other respects the averments of Paragraph 4 of the Complaint are denied, including without limiting the generality of the foregoing, that venue in this District is optimal for the convenience of the parties and witnesses and in the interest of justice. To the contrary, the action should be transferred to the District of New Jersey pursuant to the pending motion to transfer.

5. Forman Holt re-alleges the foregoing averments as if fully set forth herein.

6. Denied as stated. It is admitted that in conformance with New Jersey law, Forman Holt commenced foreclosure of the mortgage on Plaintiffs' realty located in New Jersey. In all other respects the averments of Paragraph 6 of the Complaint are denied.

7. Denied as stated. It is admitted that pursuant to and in conformance with the New Jersey Fair Foreclosure Act, Forman Holt sent a letter to Plaintiffs as part of the foreclosure of the mortgage on Plaintiffs' realty located in New Jersey. It is also admitted that Exhibit 1 to the Complaint is a redacted copy of a portion of such letter, but it is denied that the exhibit is complete in that, among other things, it does not contain the enclosures with the letter, which were an integral part of the letter. Forman Holt is without sufficient information to admit or deny where the Plaintiffs' respective copies of the letter were received or the residence of Plaintiffs, and the same are denied. In all other respects the averments of Paragraph 7 of the Complaint are denied.

8. The letter Forman Holt sent to Plaintiffs pursuant to the New Jersey Fair Foreclosure Act is a document that speaks for itself and should be read in its entirety. It is admitted that no other letter was sent to Plaintiffs within five days after the April 5, 2011 letter. In all other respects the averments of Paragraph 8 of the Complaint are denied.

9. Forman Holt re-alleges the foregoing averments as if fully set forth herein.

10. Denied.

11.-37. No answer to these Paragraphs of the Complaint is required because the claims to which they relate have been dismissed with prejudice.

38. Forman Holt re-alleges the foregoing averments as if fully set forth herein.

39. To the extent the averments of Paragraph 39 of the Complaint are not legal conclusions to which no answer is required, those averments are denied.

40. Denied.

    (A) Denied.

    (B) Denied.

    (C) Denied.

    (D) Denied.

    (E) The first sentence of Paragraph 40(E) of the Complaint is denied. In all other respects, Forman Holt is without sufficient information to admit or deny the averments of Paragraph 40(E), and the same are therefore denied.

41. Denied.

42. It is denied that the case should proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3).

43. Paragraph 43 of the Complaint states a matter of law to which no answer is required. To the extent it is deemed to be an averment of fact, the same is denied.

44. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts constituting a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The most appropriate venue in this case under 28 U.S.C. § 1404(a) is the District of New Jersey.

## THIRD AFFIRMATIVE DEFENSE

Forman Holt is not a debt collector within the meaning of the Fair Debt Collection Practices Act.

## FOURTH AFFIRMATIVE DEFENSE

Forman Holt's letter complied with the law in all respects and was mandated to accord Plaintiffs protections under the New Jersey Fair Mortgage Foreclosure Act.

## FIFTH AFFIRMATIVE DEFENSE

By submitting to Forman Holt an executed deed in lieu of foreclosure in response to the letter of April 5, 2011, Plaintiffs ratified Forman Holt's conduct; relinquished, waived, or released all claims; and are estopped to assert such claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs waived any putative right they may have had to seek class-action certification when they failed to comply with Paragraph 2(e) of the Court's Joint Scheduling Order approved by the Court on September 21, 2011 and filed September 22, 2011 (Document # 12), which required the class-certification motion to be filed on or before January 27, 2012. Plaintiffs have never filed the required class-certification motion.

## SEVENTH AFFIRMATIVE DEFENSE

Any violation by Forman Holt was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no actual damage, and an award of any additional damages to them in the circumstances of this case, where the subject letter was sent to Plaintiffs to afford them protections under the New Jersey Fair Mortgage Foreclosure Act would be inappropriate and inequitable under the standards of 15 U.S.C. § 1692k(b).

WHEREFORE, Forman Holt demands judgment in its favor and against the Plaintiffs and each of them, including its costs of the action and affording Forman Holt such other and further relief as my be just and proper.

Dated: September 10, 2013              /s/*David H. Weinstein*
                                       DAVID H. WEINSTEIN
                                       LEILA E. ELY
                                       WEINSTEIN KITCHENOFF & ASHER LLC
                                       1845 Walnut Street, Suite 1100
                                       Philadelphia, PA  19103
                                       T: (215) 545-7200; F: (215) 545-6535

                                       Attorneys for Defendant
                                       Forman Holt Eliades & Ravin LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September 2013, the foregoing Answer to the First Amended Class Action Complaint was filed with the Clerk of the Court using the CM/ECF system and that the CM/ECF system will send notification of such filing to all attorneys of record, constituting service. In addition, a courtesy copy hereof is being transmitted today by email to Plaintiffs' counsel, Novlette R. Kidd, Esq., at Nkidd@fagensonpuglisi.com.

/s/ David H. Weinstein
DAVID H. WEINSTEIN
weinstein@wka-law.com
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
T: (215) 545-7200; F: (215) 545-6535